■ VINCENT BALDASANO et al., Respondents, v BANK OF NEW YORK, as Successor to Long Island Trust Co., et al., Appellants, et al., Defendants. [695 NYS2d 293] —Order, Supreme Court, New York County (Peter Tom, J.), entered May 17, 1993, which, *inter alia,* denied, with leave to renew after completion of discovery, appellants' motion for summary judgment dismissing the plaintiffs' amended consolidated complaint as against them, and which granted the plaintiffs' cross-motion pursuant to CPLR 3212 (f) for discovery, unanimously modified, on the law, to the extent of granting summary judgment dismissing the third cause of action of the complaint as against the appellants, and otherwise affirmed, with costs.

Summary judgment is not justified where the existence of essential facts depends upon knowledge exclusively within the possession of the moving party and which might well be disclosed by cross-examination or examination before trial (CPLR 3212 [f]; *Terranova v Emil,* 20 NY2d 493, 497).

With the exception of the third cause of action, the IAS Court properly determined that summary judgment in appellants' favor was premature at this juncture and that the plaintiffs were entitled to obtain necessary discovery pursuant to CPLR 3212 (f), before the court could render a disposition on the merits, as to whether, *inter alia,* appellants Mutual Life Insurance Company of New York ("MONY") and/or the Bank of New York, or their predecessor, Intercontinental Monetary Corporation ("IMC"), had taken the Sarasota Plaza Associates promissory notes as holders in due course, in good faith, for value and without knowledge of any defenses to payment on the notes, whether there was a valid transfer of the notes from IMC to MONY or whether the promissory notes were merely pledged as collateral for an underlying loan, and as to whether the issue of the appellants' holder in due course status was rendered moot by a subsequent transfer of the notes to National Union Fire Insurance Company of Pittsburg, Pa., all of which is information solely within the knowledge and possession of the appellants *(see, Bank Leumi Trust Co. v Felner,* 70 AD2d 869).

Nor are any of the parties entitled to judgment in their favor with respect to the substantive issue of whether the appellants were holders in due course or merely pledgees of the promissory notes in question based upon the prior determination of this Court in *Baldasano v Bank of N. Y.* (174 AD2d 457, 460), wherein this Court merely found issues of fact on the record before it precluding dismissal of the plaintiffs' complaint on a CPLR 3211 motion. Appellants are therefore entitled to summary judgment dismissing the third cause of action seeking a declaration that the prior determination of this Court (174 AD2d 457, *supra)* definitively determined the appellants' status with respect to the notes. Plaintiffs' cause of action based upon that prior determination and the "law of the case" doctrine is devoid of merit, as this Court did not reach the substantive issue of the appellants' status with respect to the notes and since the doctrine of the law of the case applies only to legal determinations that were necessarily resolved on the merits in the prior decision *(see, Locilento v Coleman Catholic High School,* 134 AD2d 39, 43).

We have considered appellants' remaining claims and find

them to be without merit. Concur—Murphy, P. J., Carro, Ellerin and Kupferman, JJ.