■ FREDESBINDA RIVERA, Appellant, v CITY OF NEW YORK, Respondent. [622 NYS2d 681] —Judgment, Supreme Court, Bronx County (Herbert Shapiro, J.), entered May 3, 1993, which, upon an order of the same court and Justice dated August 26, 1991 granting defendant's motion to preclude the testimony of plaintiff's expert witness, dismissed the complaint, unanimously reversed, on the law, the motion denied and the complaint reinstated, without costs.

On November 12, 1978 at approximately 2:00 P.M., plaintiff tripped and fell in a pothole located at the intersection of Fordham Road and Webster Avenue in Bronx County. She is alleged to have sustained a fracture of the lateral condyle and plateau of the left tibia, atrophy of the left lower extremity, and a contusion of the left shoulder. She received emergency room treatment at North Central Bronx Hospital and was confined to bed and home for approximately 2 months.

Before the hospital record was admitted into evidence or even delivered to the Courthouse, plaintiff's expert, Dr. Irving Etkind, was permitted to testify, subject to connection by way of testimony to be given by plaintiff's treating physician. Without benefit of the record of emergency treatment, the expert witness stated that permanent injury, consisting of atrophy of the left calf and thigh muscle and a 10-degree lack of flexion in the left knee, was attributable to the 1978 fall. He based this opinion on his review of 1987 x-rays, taken at his office, revealing an irregularity consistent with a healed fracture of the tibial spine of the tibial plateau (the upper part of the tibia).

At the completion of Dr. Etkind's testimony, defense counsel moved to strike on the ground that the testimony was without foundation as neither the hospital record nor the testimony of the treating physician had been received in evidence. The court denied this motion without prejudice to renewal. Although the treating physician never testified due to an asserted "miscommunication" with plaintiff's attorney, the hospital record arrived after plaintiff rested and was moved into evidence by defense counsel. The record makes extensive reference to a fracture of the patella, not the tibial plateau. The court then struck Dr. Etkind's testimony and dismissed

the action, finding the doctor's testimony "totally unworthy of belief" in that he had conformed his testimony to the bill of particulars.

That plaintiff sustained injury is not subject to dispute. Even without the testimony of her medical expert, the hospital record together with plaintiff's testimony provide a nexus between the fall and the injury sustained, thereby establishing proximate cause and furnishing a basis for expert testimony. Dr. Etkind's testimony was based upon facts personally known to him as the result of an examination conducted in 1987 *(Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725) and is fully supported by x-rays admitted into evidence *(cf., Easley v City of New York,* 189 AD2d 599, 600). The expert's testimony did not relate any part of the history of the accident *(Nissen v Rubin,* 121 AD2d 320, 321) and is not subject to preclusion as unfair bolstering *(Daliendo v Johnson,* 147 AD2d 312, 320). The assessment of the value of this testimony is therefore an issue for resolution by the trier of fact *(see, Brotman v Biegeleisen,* 192 AD2d 410, *lv denied* 82 NY2d 654; *Windisch v Weiman,* 161 AD2d 433, 437; *Naveja v Hillcrest Gen. Hosp.,* 148 AD2d 429, 430), and any apparent discrepancy between the "irregularity" noted by the expert and the injury documented by the hospital record goes to the weight and not the admissibility of his testimony *(Windisch v Weiman, supra,* at 436-437). This discrepancy might have been clarified had the court granted plaintiff's motion for a continuance to obtain the testimony of the treating physician and to recall the expert witness.

A plaintiff is not required to rule out any and all other injuries that may have contributed to the ailment for which recovery is sought. The burden is sustained by demonstrating that the negligent condition was a proximate cause of the injury *(see, Mortensen v Memorial Hosp.,* 105 AD2d 151, 158; *Harding v Noble Taxi Corp.,* 182 AD2d 365, 370). Concur— Wallach, J. P., Rubin, Asch, Nardelli and Tom, JJ.