■ MERCAFE CLEARING, INC., et al., Appellants, v CHEMICAL BANK, Respondent. [628 NYS2d 700] —Order, Supreme Court, New York County (Helen E. Freedman, J.), entered on or about February 23, 1994, which granted defendant Chemical Bank's motion for summary judgment, dismissed the complaint, and denied plaintiffs' cross-motion for partial summary judgment on the issue of liability, unanimously modified, on the law and the facts, to the extent of denying defendant's motion for summary judgment with respect to the first cause of action, and otherwise affirmed, with costs.

Plaintiff Mercafe Clearing, Inc. ("Mercafe") is a futures commodities merchant that trades on the Coffee, Sugar and Cocoa Exchange ("the Exchange"). The Exchange is regulated by the CSC Clearing Corporation ("CSC"). Individual plaintiff, Sebastian Angelico, is Mercafe's principal.

CSC's rules require Mercafe to maintain a "margin account" with an "authorized bank". By 10:00 A.M. of each business day, CSC issues each member merchant a demand for payment, or margin call, for the amount, if any, the member merchant owes the CSC as security on its payments of obligations arising from its trading activities. The rules also require the authorized bank to certify to CSC by 11:00 A.M. of each business day that the member merchant has sufficient funds in its margin account to cover the previous day's contracts.

It is undisputed that by 8:30 A.M on April 3, 1989, Mercafe

was notified by an officer of its authorized bank, Chemical Bank, of the sum that it would need to have in its margin account to allow for the daily 11:00 A.M. certification. There were then a series of phone calls and transactions, which apparently left Mercafe short by $300,000. In our view, what happened next, and whether Chemical Bank erred when it failed to certify that Mercafe had sufficient funds on deposit in its margin account as of 11:00 A.M., are factual questions that may only be resolved at a plenary trial. Specifically, there was conflicting evidence of whether the Chemical Bank officer knew that the requisite funds would be timely transferred from the account of Pioneer Futures, a company with which the Chemical Bank and Mercafe had dealt with in similar margin call transactions. There are also questions of fact regarding an alleged "misdeposit" of other funds in plaintiff's account.

By 11:10 A.M. Mercafe's margin account contained sufficient funds. However the ten minute lapse resulted in Mercafe's suspension from trading on the Exchange. Under CSC rules, a hearing was then required before Mercafe could be reinstated.

In the first cause of action pleaded in its complaint, Mercafe claimed damages based on Chemical Bank's alleged breach of contract, breach of fiduciary duty and negligence. The IAS Court erred in granting the drastic remedy of summary judgment in Chemical Bank's favor on this cause of action because here such a decision necessarily means that the court improperly made factual findings and determinations of credibility. Such an evaluation of competing evidence falls within the province of the finder of fact at trial, but is beyond that of the IAS Court on a summary judgment motion (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404).

The court also erred to the extent that its decision relied on an indemnification and hold harmless clause contained in a Mercafe corporate resolution filed with defendant Chemical Bank. This clause is designed to permit CSC to draw down funds from Mercafe's margin account with the bank to satisfy a margin call. By its very terms, the clause can only apply to those actions of the bank which are "made in compliance with the authorization" granted the bank by Mercafe in the resolution. Plaintiff's theory of the case is premised on the bank's alleged "non-compliance" with the corporate resolution and the clause cannot therefore properly serve as a basis for judgment in the bank's favor without a trial.

For these reasons, the IAS Court should have denied defendant's summary judgment motion on the first cause of ac-

tion, and we therefore modify the IAS Court's order accordingly. Concur—Ross, J. P., Nardelli, Williams, Tom and Mazzarelli, JJ.