■ JOANNA DOLLAS, Individually and as Administratrix of the Estate of GUS DOLLAS, Deceased, Appellant, v W.R. GRACE AND COMPANY, Respondent, et al., Defendants. JOSEPH R. GARGANO, as Executor of JOSEPH A. VENTARINO, Deceased, Appellant, v W.R. GRACE AND COMPANY, Respondent, et al., Defendants. [639 NYS2d 323]

These appeals involve two of the more than 700 personal injury and wrongful death cases allegedly resulting from exposure to asbestos-containing products at the Brooklyn Navy Yard. Plaintiffs' decedents, who are alleged to have worked on the USS *Constellation,* succumbed to mesothelioma, "an exceedingly rare disease * * * whose only known cause is exposure to asbestos" (*O'Brien v National Gypsum Co.*, 944 F2d 69, 72). At issue is whether plaintiffs presented sufficient evidence to raise a question of fact with respect to decedents' exposure to asbestos from defendant Grace's product, "Monokote", so as to preclude summary judgment (*Hartford Acc. & Indem. Co. v Wesolowski*, 33 NY2d 169; *Di Sabato v Soffes*, 9 AD2d 297, 300).

In a deposition taken in connection with his own action arising out of asbestos exposure, Walter Robert Bock, a marine machinist, testified that he also worked aboard *The Constellation,* in part contemporaneously with plaintiffs' decedents. Bock testified that Monokote was used as fireproofing and that spraying of this material was going on "all of the time * * * inside the gun mounts, and other areas of the ship".

In granting Grace's motion for summary judgment against Gargano, Supreme Court stated, "Mr. Bock's testimony that Monokote was on two ships in [Brooklyn] Navy Yard is belied by all the other evidence in the Navy Yard cases that this Court has tried. Gov't. specs. do not include Monokote as an approved product". Two weeks later, the court granted Grace's motion for summary judgment against Dollas "in accordance with decision relating to [Gargano]".

Supreme Court erred in taking judicial notice that Monokote was not used on *The Constellation* in the face of unequivocal testimony that it was. A court may only apply judicial notice to matters "of common and general knowledge, well established and authoritatively settled, not doubtful or uncertain. The test is whether sufficient notoriety attaches to the fact to make it proper to assume its existence without proof" (*Ecco High Frequency Corp. v Amtorg Trading Corp.*, 81 NYS2d 610, 617, *affd* 274 App Div 982).

It was also inappropriate to reject, as being unworthy of belief, the testimony of Walter Robert Bock, offered in opposition to Grace's motion. The deposition testimony of a litigant is sufficient to raise an issue of fact so as to preclude the grant of summary judgment dismissing the complaint (*Harris v City of New York*, 147 AD2d 186, 189). The assessment of the value of a witnesses' testimony constitutes an issue for resolution by the trier of fact, and any apparent discrepancy between the testimony and the evidence of record goes only to the weight and not the admissibility of the testimony (*Rivera v City of New York*, 212 AD2d 403, 404). As we recently noted in *Cochrane v Owens-Corning Fiberglas Corp.* (219 AD2d 557, 559-560), "Supreme Court's conclusion that plaintiff's allegations are 'not credible' therefore constitutes the impermissible determination of an issue that must await trial (CPLR 3212 [c]; Siegel, NY Prac § 284, at 413; § 271, at 400 [2d ed]). The function of a court entertaining a motion for summary judgment is one of issue finding, not issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting*, 104 AD2d 331, 333, *affd* 65 NY2d 732), and any conflict between plaintiff's allegations and the documentary evidence merely presents an issue of credibility for resolution at trial (*Cohn v Lionel Corp.*, 21 NY2d 559, 563; *see also, Patrolmen's Benevolent Assn. v City of New York*, 27 NY2d 410, 415 * * *)." Concur—Sullivan, J. P., Milonas, Ellerin, Rubin and Kupferman, JJ.