■ JAMES R. JACKSON, Respondent, v CONGREGATIONAL CHURCH OF PATCHOGUE et al., Appellants. [681 NYS2d 259] —Order, Supreme Court, New York County (Stuart Cohen, J.) entered October 16, 1997, denying defendant's motion to change venue to Suffolk County, unanimously reversed, on the law and the facts, without costs, the motion granted and the matter transferred to Suffolk County Supreme Court.

These consolidated actions arise from plaintiff's termination as minister for defendant Church. The first action was commenced in New York County by plaintiff, where he claimed to have taken up residence 30 days prior to commencement of that action. A second action was commenced in Suffolk County by the Church, and the third action was commenced by plaintiff, also in New York County. The Church, in its Suffolk County action, moved to consolidate the actions and to remove the New York County actions to Suffolk County. Although the Supreme Court, Suffolk County (Melvyn Tannenbaum, J.), granted consolidation, it denied removal on the basis of the prior commenced New York County action; that order, not

under review, did not address venue under CPLR 510 (3). During discovery in the New York County action, it became apparent that some 77 listed witnesses lived or worked in Suffolk County, many of whom submitted affidavits establishing the inconvenience to them (cf., *Calcutti v Croton Park Colony*, 211 AD2d 454) of appearing in the New York County litigation, on which basis defendant moved to change venue. Nevertheless, the motion court rejected Suffolk County venue, finding the claims of inconvenience to be conclusory and noting the pretrial discovery that already had occurred in New York County.

This was an improvident exercise of discretion. Aside from plaintiff's purported change of residence on the eve of commencing the action, New York County has no connection with this action. The Church and congregation are located in Suffolk County. All witnesses except plaintiff live or work in Suffolk County, and the permanency of even his recent New York County residence is obscured by his own deposition testimony that he had maintained his residence at the Church's Suffolk County Parsonage more than a month after he otherwise claimed to have established a New York County residence. The convenience of witnesses and the ends of justice are much more clearly served by changing venue to Suffolk County (*Bonfeld v Suburban Tr. Corp.*, 236 AD2d 335; *Neos v Crabby Joe's*, 241 AD2d 337; *Avery v Williams*, 244 AD2d 271). Nor was the prior order of Supreme Court, Suffolk County, denying removal of the New York County action to Suffolk County, law of the case, insofar as this specific venue issue had not been decided (*Baldasano v Bank of N. Y.*, 199 AD2d 184). Concur—Milonas, J. P., Rosenberger, Williams, Tom and Saxe, JJ.