■ RICARDO GRULLON et al., Respondents, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY HOUSING AUTHORITY, Appellant. [747 NYS2d 426]

Plaintiff Ricardo Grullon allegedly tripped and fell on an out-of-doors concrete stairway in the Bronx on February 10, 1997. The stairway on which plaintiff fell leads from Tiebout Avenue to the building in which plaintiff resided, 365 East 183rd Street, part of the Twin Parks West Development (Twin Parks), a housing complex owned by defendant-appellant New York City Housing Authority (NYCHA). In or about July 1997, plaintiffs commenced this personal injury action against the City of New York (City), the New York City Transit Authority (NYCTA), and NYCHA, alleging in the alternative that each defendant owned, operated, managed and controlled the stairway on which plaintiff fell. In their answers, both NYCTA and NYCHA denied ownership of the stairway. The City generally denied the paragraphs of the complaint alleging that it owned the stairway, but made its denial subject to the "except[ion] that with respect to those portions of the street(s), sidewalks and appurtenances referred to in the complaint which were or may have been owned and controlled by the City of New York, [the City] had such duties as were imposed by law." Previously, NYCTA moved for summary judgment dismissing it from the action on the ground that NYCTA did not own the stairway in question, and that motion was granted in March 1999. No appeal was taken from the order dismissing NYCTA from the action.

In February 2001, NYCHA moved for summary judgment dismissing it from the action, on the ground that it did not own, operate, manage or control the stairway on which plaintiff

fell. In support of its motion, NYCHA submitted an affidavit by a professional land surveyor, Joseph Nicoletti, P.C., stating that he had determined, based on a boundary survey he had performed, that the stairway on which plaintiff fell was not the property of NYCHA. A copy of the boundary survey, showing the relevant boundary between the property of NYCHA (to the west) and the property "dedicated or vested to the City of New York" as part of Tiebout Avenue (to the east), was attached to Nicoletti's affidavit. Significantly, the survey shows two multi-landing stairways immediately to the east of the boundary, on the City's side of the line, leading upward toward Tiebout Avenue. The only stairway shown on NYCHA's side of the boundary is a single additional set of 10 steps leading downward from the landing at the bottom of the southern multi-landing stairway. Since plaintiffs' verified bill of particulars pinpoints the accident site as having been "the 15th step from the bottom" of the stairway, the survey eliminates the possibility that the accident occurred on a stairway owned by NYCHA.

In addition to Nicoletti's affidavit and survey, NYCHA submitted an affidavit by its employee Gary Moses, who had been the manager of Twin Parks for 29 years. Moses stated, based on his review of the photographs of the site of the accident supplied by plaintiff's counsel (copies of which were attached to the affidavit), that it was his understanding that the stairway on which plaintiff fell was not part of the Twin Parks property, and was not owned, operated, maintained or repaired by NYCHA. Moses further represented that, to his knowledge, no NYCHA employee had ever performed any maintenance work on the stairway on or before the date of the accident.

Plaintiffs opposed NYCHA's motion, but the City did not. Plaintiffs submitted two pages of the indenture by which the City granted NYCHA the property on which Twin Parks is situated, and a copy of the affidavit of William Palmer, an NYCTA employee, based on which the court had granted NYCTA's earlier summary judgment motion. The portion of the indenture submitted by plaintiffs, while not making reference to any stairways, sets forth the same property boundaries reflected in the boundary survey submitted by NYCHA. The Palmer affidavit states, apparently based on Palmer's review of NYCTA's internal records and his review of photographs of the alleged accident site and inspection thereof, that the stairway where the accident occurred is not owned or controlled by NYCTA, and further volunteers, without any identified factual basis, that the stairway in question "is part of a New York City Hous-

ing Authority building * * *." The motion court found that Palmer's affidavit raised an issue of fact as to whether NYCHA owned the stairway, and denied the motion. NYCHA has appealed from this order, and we now reverse.

Plaintiffs do not dispute that NYCHA's submissions in support of its summary judgment motion, including competent expert evidence in the form of an affidavit and boundary survey by a licensed land surveyor (*see*, *Levy v Braley*, 176 AD2d 1030, 1031-1032; *Cutro v Duffy*, 88 AD2d 1007, 1008), made a prima facie showing that NYCHA did not own or control the stairway in question, thereby shifting to plaintiffs the burden of coming forward with admissible opposing evidence sufficient to raise a triable issue of fact (*see*, *e.g.*, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Contrary to the view of the motion court, plaintiffs plainly failed to carry this burden.

The excerpt from the indenture plaintiffs submitted contains no references to any stairways, and thus provides no evidence, one way or the other, as to which entity owned the stairway on which plaintiff was injured.* The only other purportedly evidentiary item plaintiffs submitted to show NYCHA's ownership, the affidavit of NYCTA employee William Palmer, is entirely inadmissible on this issue. Assuming that Palmer's denial of NYCTA's ownership of the stairway, based on his review of NYCTA's internal records and inspection of the alleged accident site, would be admissible, his further affirmative assertion that the stairway was owned by NYCHA is wholly incompetent and without foundation. Again, Palmer did not identify any basis for his belief that NYCHA owned the stairway, and it appears from his affidavit that he simply conjectured that NYCHA owned the stairway based on the fact that it leads to property owned by NYCHA, i.e., the Twin Parks housing complex. Of course, Palmer's attribution of ownership to NYCHA cannot be deemed admissible based on his status as an employee of NYCTA, an entirely different entity, since NYCTA obviously is not in the business of keeping track of the ownership of property NYCTA does not itself claim to own.

Since neither Palmer's affidavit, nor anything else in the record, identifies, or even hints at, any evidentiary basis for Palmer's purported belief in NYCHA's ownership of the stairway, Palmer's unsupported assertion of that belief does not raise a triable issue of fact. "Mere conclusory assertions, devoid of evidentiary facts, are insufficient [to defeat a well-

---

* Indeed, if the indenture has any effect, it is to corroborate NYCHA's analysis, in that, as previously noted, the indenture sets forth the same property boundaries that are reflected in NYCHA's boundary survey.

supported summary judgment motion], as is reliance upon surmise, conjecture or speculation" (*Soho Ctr. for Arts & Educ. v Church of St. Anthony of Padua*, 146 AD2d 407, 411, quoting *Smith v Johnson Prods. Co.*, 95 AD2d 675, 676; *see also, Shaw v Time-Life Records*, 38 NY2d 201, 207 [a summary judgment motion "may not be defeated merely by surmise, conjecture or suspicion"]).

Contrary to the dissent's view, we are not "granting judgment as a matter of law to the party that is perceived to have the better evidence." To the contrary, we hold that, on the issue of whether NYCHA owned the stairway, Palmer's affidavit does not constitute evidence at all. Thus, NYCHA has not presented "the better evidence," it has submitted the *only* evidence on this issue. We reiterate that Palmer's gratuitous attribution of ownership of the stairway to NYCHA is without foundation because the source of Palmer's belief, if any, is undisclosed, and because the identity of the owner of the stairway is not a matter within the scope of the business of Palmer's employer, NYCTA. Although in some cases technically inadmissible evidence may be used to defeat a summary judgment motion where there is reason to believe that the nonmoving party may yet obtain admissible evidence for use at trial, Palmer's affidavit provides no basis for an expectation of forthcoming admissible evidence, since Palmer does not refer to any reliable source of his belief that might itself provide admissible evidence at trial.

Going even further than urging our affirmance of the denial of summary judgment to NYCHA based on the Palmer affidavit, the dissent suggests that Palmer's testimony on the issue of NYCHA's ownership should be heard by the jury at trial, and that any question as to how Palmer has knowledge of the matters on which he testifies simply presents a weight or credibility issue for the jury. The implication of this position is that we should ignore any requirement that a witness have a foundation for his or her testimony, and allow witnesses to testify at trial based on conjecture or surmise, leaving it to the jury to separate the reliable testimony from the unreliable. We do not believe that settled principles of the law of evidence permit such an approach.

The dissent's support of an affirmance of the denial of summary judgment to NYCHA apparently derives from a concern that, since the other remaining defendant, the City, has not yet admitted its ownership or control of the relevant stairway, "[w]ere the City to succeed in convincing a jury that the party responsible for the condition resulting in plaintiff's injury was

improvidently dismissed from the case, plaintiffs would be left without recourse." By this reasoning, of course, NYCTA should not have been granted summary judgment, either, whether or not there was any evidence to controvert its showing that the accident did not occur on its property.

We do not concur in the novel theory that a defendant clearly not legally responsible for plaintiff's injuries should remain exposed to liability therefor simply because its codefendant may also escape liability at trial. It is not the duty of NYCHA, simply because its property happens to adjoin the property on which plaintiff was injured, to see this case through trial in order to minimize the risk that plaintiff ultimately will not obtain a recovery. Nor is it the place of this Court to minimize that risk in disregard of applicable law.

We observe that plaintiffs were not without a remedy for the "precarious procedural position" from which the dissent seeks to save them. Plaintiffs could have affirmatively taken steps to ascertain which entity in fact owned the relevant stairway (for example, by conducting their own survey or pursuing further disclosure). Moreover, nothing prevented plaintiffs, upon NYCHA's motion for summary judgment, from cross-moving for partial summary judgment on the ownership issue as against the City. The surveyor's affidavit and boundary survey submitted by NYCHA, if not controverted by the City, would themselves have provided ample grounds for granting plaintiffs such relief. We would further note that, at trial, in the face of such evidence, if the City fails to come forward with any countervailing admissible evidence, plaintiffs will be entitled to move for a directed verdict against the City on the ownership issue (CPLR 4401) or to have a verdict in the City's favor on that issue set aside (CPLR 4404 [a]). Thus, there is no need to keep an innocent party in the case in order to avoid the risk that none of the defendants sued in this action will be found to be the owner of the stairway.

Finally, contrary to plaintiffs' argument, the IAS court's prior order granting NYCTA summary judgment does not bar the granting of NYCHA's subsequent summary judgment motion under the doctrine of law of the case. In the first place, a prior judicial determination in an action is binding as law of the case only on a court of coordinate jurisdiction with the court that rendered the prior determination, but does not bind a higher appellate court reviewing a later determination (*see, e.g., Klein v Smigel*, 44 AD2d 248, 250, *affd on op below* 36 NY2d 809). In any event, the doctrine "applies only to legal determinations that were necessarily resolved on the merits in

the prior decision" (*Baldasano v Bank of N.Y.*, 199 AD2d 184, 185; *see also, Jackson v Congregational Church of Patchogue*, 256 AD2d 71, 72). The only issue necessarily decided by the order granting NYCTA summary judgment was that NYCTA did not own the stairway, not which entity actually did own the stairway. Moreover, as previously discussed, the assertion of NYCTA's employee that NYCHA owned the stairway was neither admissible nor competent. Concur—Andrias, Friedman and Marlow, JJ.

Tom, J.P. and Rubin, J., dissent in a memorandum by Rubin, J., as follows: It is not subject to dispute that plaintiff Ricardo Grullon sustained injury on February 10, 1997 when he fell on a stairway located on property owned by one of the defendants. The question remains which one.

On this motion by defendant New York City Housing Authority for summary judgment dismissing the complaint and cross claims as against it, movant offered the affidavit of a surveyor, stating that "the subject staircase is not the property of the New York City Housing Authority." In opposition, plaintiffs offered the affidavit of a Structure Maintainer for the New York City Transit Authority, against which defendant the complaint was previously dismissed. The Structure Maintainer's affidavit states that, upon inspection, he "found that the stairwell is part of a New York City Housing Authority building and not part of any property owned, maintained, operated or controlled by the New York City Transit Authority." The Housing Authority's motion is unopposed by defendant City of New York, which, in its answer, denies the allegations of ownership and control "except that with respect to those portions of the street(s), sidewalks and appurtenances referred to in the complaint which were or may have been owned and controlled by the City of New York, defendant had such duties as were imposed by law."

At this juncture, it has been resolved by uncontroverted evidence that the Transit Authority does not own the property on which plaintiff Ricardo Grullon was injured. The Transit Authority's evidence, however, suggests that defendant Housing Authority owns the premises, while a survey submitted by that agency indicates that it does not. Thus, the opposing papers present a question of fact with respect to ownership. What divides this Court is the propriety of assessing the quality of the respective submissions and granting judgment as a matter of law to the party that is perceived to have the better evidence, a problem caused by the City of New York refusing to admit ownership and control.

The grant of summary judgment requires, as a precondition, that the movant eliminate from the case any material issue of fact (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). In the particular procedural context of this motion, the Housing Authority has not eliminated the issue of ownership raised by the pleadings especially in view of the City's answer. To be sure, in the absence of any evidence to suggest that the Transit Authority is the actual owner of the premises or exercises any control over the subject staircase, its motion for summary judgment dismissing the complaint as against it was properly granted. However, in the face of denials by both defendant Transit Authority and movant Housing Authority, the City of New York has never conceded its ownership, maintenance, operation or control of the subject property.

This summary judgment motion presents an issue with respect to the scope of the law of the case doctrine. The award of summary judgment to the movant at this time requires the Court to determine, as a matter of law, that the Housing Authority is not the owner of the property; inversely, such a disposition does not require a finding that the City of New York is the true owner. Having declined to appear and be heard on the issue, the City remains free to contest its ownership of the accident site at trial. Were the City to succeed in convincing a jury that the party responsible for the condition resulting in plaintiff's injury was improvidently dismissed from the case, plaintiffs would be left without recourse.

It is not the purpose of summary judgment to place a plaintiff in a precarious procedural position at a preliminary stage of the proceedings. Therefore, well-settled rules have been formulated to protect the right to have factual issues resolved by a jury. As noted, it is the movant's burden to remove all questions of fact from the case. Their evidence, consisting of the affidavit of a Transit Authority Structure Maintainer who reviewed files and records and personally inspected the premises, is portrayed as being less reliable than the Housing Authority's evidence, consisting of the affidavit of a surveyor.

It is settled that the assessment of the evidence offered by the respective parties is the province of the trier of fact (*Rivera v City of New York*, 212 AD2d 403, 404). Even according defendant's proffered survey the status of documentary evidence, plaintiffs are nevertheless entitled to present the testimony of their witness at trial, "and any apparent discrepancy between the testimony and the evidence of record goes only to the weight and not the admissibility of the testimony" (*Dollas v W. R. Grace & Co.*, 225 AD2d 319, 321, citing *Rivera*

*v City of New York, supra* at 404). Even the statement of an interested party "must be regarded as indicative of the evidence to be adduced at trial from a competent witness" for the purpose of defeating a summary judgment motion (*Harris v City of New York*, 147 AD2d 186, 189 [parent's statement]; *Butler v Helmsley-Spear, Inc.*, 198 AD2d 131 [plaintiff's self-serving statement sufficient to raise issue of fact]). Finally, the Court of Appeals has gone so far so to hold that evidence, otherwise inadmissible at trial, should be considered for the purpose of denying summary judgment (*Phillips v Kantor & Co.*, 31 NY2d 307, 312 [Dead Man's Statute]). In the matter before us, the affidavit at issue was made by an employee "with access to the files and records relating to all properties under the jurisdiction of the New York City Transit Authority" and after a personal inspection of the premises. Whether or not there is an adequate foundation for his conclusion that the stairway "is part of a New York City Housing Authority building" is a question on which the record is silent.

It should require no repetition that the function of a court on a motion for summary judgment is issue finding not issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting*, 104 AD2d 331, 333, *affd* 65 NY2d 732). Where a reviewing court enjoys the perspective of a full record after trial, it may, of course, assess the adequacy of the evidence. Thus, in *Cummins v County of Onondaga* (84 NY2d 322, 325), the Court of Appeals found that the plaintiff's proof was insubstantial, concluding that "the record lacks evidence, circumstantial or otherwise" to support the claim.

In the matter at bar, the evidence of record is merely contradictory. It bears emphasis that the Structure Maintainer's affidavit served as a ground for dismissal of the action as against defendant Transit Authority. At this preliminary stage of the proceedings, we have only a sparse record to review, which should not be the basis for speculation as to what evidence plaintiffs may ultimately produce (*Phillips v Kantor & Co.*, 31 NY2d at 315) or that might be offered by defendant City of New York. There is no question that the City and/or the Housing Authority owns and controls the stairway. Gamesmanship between the two municipal corporations should be left to the sports arena and not the legal arena.

As the Court of Appeals concluded in *Phillips* (*id.*), "it is the earmark of summary judgment that the court is confined to determining whether an issue of fact exists as a matter of law." As this Court stated in *Mercafe Clearing v Chemical Bank* (216

AD2d 231, 232) "an evaluation of competing evidence falls within the province of the finder of fact at trial, but is beyond that of the IAS Court on a summary judgment motion" (citing *Sillman*, 3 NY2d at 404). Supreme Court did not err in denying defendant's summary judgment motion. Because the question of the ownership of the accident site cannot be satisfactorily removed from the case at this juncture, summary judgment should be denied and the issue reserved for trial (*Ayotte v Gervasio*, 81 NY2d 1062 [absent admissible evidence sufficient to preclude any material issue of fact, summary judgment is unavailable], citing *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

Accordingly the order should be affirmed.