Judgment, Supreme Court, New York County (Martin Shulman, J.), entered August 11, 2006, after a jury trial, in favor of plaintiffs and against defendant in the total amount of $2,774,460, unanimously affirmed, without costs.
On the issue of fault, the trial court correctly directed a verdict in plaintiffs’ favor based on defendant’s own testimony that he saw the injured plaintiffs car stopped at a red light, braked hard and shifted to low gear, but his pick-up truck skidded on the wet roadway and hit the rear of plaintiffs car. A rear-end collision with a stationary vehicle creates a prima facie case of negligence requiring a judgment in favor of the stationary vehicle unless defendant proffers a nonnegligent explanation for the failure to maintain a safe distance (Mitchell v Gonzalez, 269 AD2d 250, 251 [2000]). A wet roadway is not such an explanation. A driver is expected to drive at a sufficiently safe speed and to maintain enough distance between himself and cars ahead of him so as to avoid collisions with stopped vehicles, taking into account weather and road conditions (id.). On the issue of serious injury, plaintiffs’ experts, relying on objective medical tests, testified to brain damage and other injuries that they attributed to trauma, and the conflicting medical evidence and opinions of defendant’s experts concerning the permanence and significance of plaintiff’s injuries simply raised issues of fact for the jury (see Noble v Ackerman, 252 AD2d 392, 395 [1998]). Concerning defendant’s motion to preclude expert testimony, with respect to the nonproduction of raw data produced in tests conducted by the experts, defendant fails to show either prejudice or willful and contumacious conduct. With respect to the experts whose designations were made shortly before trial, CPLR 3101 (d) (1) *341 (i) does not require a party to retain an expert at any particular time, and the court allowed defendant appropriate additional disclosure. With respect to the discrepancies between the trial testimony of some of plaintiffs’ experts and their reports, defendant did not show a willful attempt to deceive or prejudice, and such discrepancies, which defendant was free to raise on cross-examination, go only to the weight, not the admissibility, of the testimony (see Hageman v Jacobson, 202 AD2d 160, 161 [1994]; Dolías v Grace & Co., 225 AD2d 319, 321 [1996]). On the issue of foundational support for expert opinion, while some of plaintiffs’ experts relied on new technology or methodologies, the same experts also opined based on well-established and recognized diagnostic tools, and we find that they provided reliable causation opinions (see Parker v Mobil Oil Corp., 7 NY3d 434, 447 [2006]). We have considered defendant’s other arguments and find them unavailing. Concur — Lippman, EJ., Mazzarelli, Buckley, McGuire and DeGrasse, JJ.