IG Second Generation Partners, L.P. v 166 Enters. Corp. (2020 NY Slip Op 06054)





IG Second Generation Partners, L.P. v 166 Enters. Corp.


2020 NY Slip Op 06054


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Oing, J.P., Kennedy, Scarpulla, Mendez, JJ. 


Index No. 652962/13 Appeal No. 12214 Case No. 2019-4751 

[*1]IG Second Generation Partners, L.P. , et al., Plaintiffs-Appellants,
v
166 Enterprises Corp., et al., Defendants-Respondents.


Livoti Bernstein & Moraco P.C., New York (Robert F. Moraco of counsel), for appellants.
Rivkin Radler LLP, New York (Henry Mascia of counsel), for respondents.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered May 16, 2019, which, after a nonjury trial, dismissed the action, unanimously affirmed, with costs.
Plaintiffs, the owners of real property leased by the corporate defendant, obtained several judgments against the corporation. They seek to pierce the corporate veil to collect the outstanding amount from the individual defendants, who they claim looted the corporation. The parties agree that at least $187,000 in corporate funds was used to pay the individual defendants' personal expenses and that the individual defendants contributed at least $263,000 to the corporation.
Following a bench trial decided solely on the basis of documents and deposition testimony, the trial court's conclusion that the individual defendants dominated and controlled the corporation but that plaintiffs failed to show that they were injured was supported by the weight of the evidence (DiLorenzo v Windermere Owners LLC, 174 AD3d 102, 107-108 [1st Dept 2019]).
The court providently exercised its discretion in declining to take judicial notice of material on certain websites that plaintiffs called to its attention on the day of trial. The court's pretrial order required the parties to make such requests by a stated deadline, which had expired long before that day. In any event, the material was not a proper subject for judicial notice (see Dollas v Grace & Co., 225 AD2d 319 [1st Dept 1996]).
We have considered plaintiffs' remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020