Clayson v Williams (2022 NY Slip Op 02191)





Clayson v Williams


2022 NY Slip Op 02191


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 150528/16 Appeal No. 15272 Case No. 2020-04543 

[*1]Marianne Clayson, Plaintiff-Respondent,
v
Eugene Williams, et al., Defendants-Appellants, The City of New York, Defendant.


Barry McTiernan & Moore LLC, New York (Claire F. Rush of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco LLP, New York (Jillian Rosen of counsel), for respondent.



Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered October 30, 2020, which denied defendants-appellants' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants demonstrated prima facie, based on plaintiff's testimony and the video surveillance tape of the accident, that plaintiff's conduct was the sole proximate cause of the accident (see Splain v New York City Tr. Auth., 180 AD2d 454, 454 [1st Dept 1992], lv denied 80 NY2d 759 [1992]). Plaintiff failed to raise a triable issue of fact concerning the bus driver's negligence (see Rivera v City of New York 11 NY2d 856, 857 [1962]). The video evidence shows the bus stopped along the curb at a bus stop while a passenger was entering through its front door. Simultaneously, in the few seconds prior to the accident, plaintiff was walking in the middle of the sidewalk, veering toward the right—away from the bus—and made no effort to alert the driver that she wanted to board the bus. After the passenger boarded and the bus began to move, plaintiff changed direction and moved toward the bus. By this time the bus was already pulling into traffic, and the accident then occurred "almost instantly" (Splain, 180 AD2d at 454; see Cropper v Stewart, 117 AD3d 417, 418 [1st Dept 2014], lv denied 24 NY3d 914 [2015]; Williams v New York City Tr. Auth., 108 AD3d 403, 404 [1st Dept 2013]).
Although plaintiff's expert opined that alleged misalignment of the mirrors was a proximate cause of the accident, the video demonstrated that the mirrors were not a factor because plaintiff approached the bus from the side only after it was moving away from the curb and merging into traffic (see Santoni v Bertelsmann Prop., Inc., 21 AD3d 712, 714-715 [1st Dept 2005] [opinion evidence cannot be speculative and must be based on facts in the record], citing Samuel v Aroneau, 270 AD2d 474, 475 [2d Dept 2000], lv denied 95 NY2d 761 [2000]).
Finally, plaintiff did not controvert the testimony by the internal investigators that their reports were based upon a misunderstanding regarding plaintiff's actions, and were prepared without the benefit of the video (see Grullon v City of New York, 297 AD2d 261, 263-264 [1st Dept 2002]; see also Williams, 108 AD3dat 404 [admission of evidence "that holds a defendant to a higher standard of care than required by common law is clearly erroneous"]).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022