**Bassier v A.O. Smith Water Prods. Co.**

2024 NY Slip Op 30838(U)

March 13, 2024

Supreme Court, New York County

Docket Number: Index No. 190088/2019

Judge: Adam Silvera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. ADAM SILVERA**                          PART                    **13**

*Justice*

--------------------------------------------------------------------X

GEM BASSIER,

INDEX NO. _190088/2019_

Plaintiff,

MOTION DATE _07/25/2023_

- v -

MOTION SEQ. NO. _005_

A.O. SMITH WATER PRODUCTS CO, ABB, INC. INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO ITE CIRCUIT    BREAKERS, INC, AIR & LIQUID SYSTEMS CORPORATION,    AS SUCCESSOR-BY-MERGER TO BUFFALO PUMPS, INC, AMCHEM PRODUCTS, INC.,    N/K/A RHONE POULENC AG COMPANY,    N/K/A BAYER CROPSCIENCE INC, BORGWARNER MORSE TEC LLC,BRYANT HEATING & COOLING SYSTEMS, BURNHAM, LLC,    INDIVIDUALLY, AND AS SUCCESSOR TO    BURNHAM CORPORATION, BW/IP, INC. AND ITS WHOLLY OWNED SUBSIDIARIES, CARRIER CORPORATION, CATERPILLAR, INC.,CBS CORPORATION, A DELAWARE CORP., F/K/A VIACOM INC.,    SUCCESSOR BY MERGER TO CBS CORPORATION,    A PENNSYLVANIA CORP., F/K/A WESTINGHOUSE ELECTRIC    CORP., AS SUCCESSOR IN INTEREST TO THE BRYANT ELECTRIC COMPANY, CBS CORPORATION, F/K/A VIACOM INC., SUCCESSOR BY MERGER TO    CBS CORPORATION, F/K/A    WESTINGHOUSE ELECTRIC CORPORATION, CERTAINTEED CORPORATION, CLEAVER BROOKS COMPANY, INC.,COMPUDYNE CORPORATION, INDIVIDUALLY, AND AS SUCCESSOR TO YORK SHIPLEY, INC, CRANE CO, CROSBY VALVE LLC,EATON CORPORATION, AS SUCCESSOR -IN-INTEREST TO CUTLER-HAMMER, INC, FLOWSERVE US, INC. SOLELY AS SUCCESSOR TO ROCKWELL MANUFACTURING COMPANY,    EDWARD VALVE, INC.,NORDSTROM VALVES, INC.,EDWARD VOGT VALVE COMPANY, AND VOGT VALVE COMPANY, FMC CORPORATION,    ON BEHALF OF ITS FORMER CHICAGO PUMP    & NORTHERN PUMP BUSINESSES, FORT KENT HOLDINGS, INC.,    FORMERLY KNOWN AS DUNHAM-BUSH, INC.,FULTON BOILER WORKS, INC, GARDNER DENVER, INC, GENERAL ELECTRIC COMPANY, GOULD ELECTRONICS INC, GOULDS PUMPS LLC,GRINNELL LLC,HONEYWELL INTERNATIONAL, INC.,    F/K/A ALLIED SIGNAL, INC. / BENDIX, IMO INDUSTRIES, INC.,, ITT LLC., INDIVIDUALLY AND AS SUCCESSOR TO BELL & GOSSETT    AND AS SUCCESSOR TO KENNEDY VALVE

**DECISION + ORDER ON
MOTION**

190088/2019  BASSIER, COLLIN N vs. A.O. SMITH WATER PRODUCTS CO
Motion No.  005

Page 1 of 5

1 of 5

MANUFACTURING CO., INC.,KEELER-DORR-OLIVER
BOILER COMPANY, KOHLER CO, LENNOX INDUSTRIES,
INC, LEVITON MANUFACTURING CO., INC, PEERLESS
INDUSTRIES, INC, PFIZER, INC. (PFIZER), RHEEM
MANUFACTURING COMPANY, ROCKWELL
AUTOMATION, INC.,AS SUCCESSOR IN INTEREST
TO ALLEN- BRADLEY COMPANY, LLC,ROPER PUMP
COMPANY, SCHNEIDER ELECTRIC USA, INC.
FORMERLY KNOWN AS       SQUARE D COMPANY,
SIEMENS INDUSTRY, INC.,SUCCESSOR IN INTEREST
TO     SIEMENS ENERGY & AUTOMATION, INC,
SLANT/FIN CORPORATION, U.S. RUBBER COMPANY
(UNIROYAL), UNION CARBIDE CORPORATION, UTICA
BOILERS, INC.,    INDIVIDUALLY AND AS SUCCESSOR
TO     UTICA RADIATOR CORPORATION, VELAN VALVE
CORPORATION, WARREN PUMPS, LLC,

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 005) 260, 261, 262, 263, 264, 265, 266, 268, 269, 270, 271, 272, 273, 274, 275, 276, 277, 278, 279, 280, 282
were read on this motion to/for                                JUDGMENT - SUMMARY_____ .

Upon the foregoing documents, it is ordered that the instant motion for summary judgment seeking dismissal of this action, pursuant to CPLR § 3212, is denied for the reasons set forth below.

Here, defendant Burnham, LLC (Burnham) argues that plaintiff Collin Bassier (Mr. Bassier) failed to establish exposure to its alleged asbestos-containing products. Mr. Bassier was diagnosed with pleural mesothelioma on January 14, 2019 and commenced this action on April 8, 2019. Mr. Bassier alleges he suffered personal injuries resulting from his exposure to asbestos-containing products manufactured by various companies during his work as an electrician. He served his Responses to Interrogatories on April 16, 2019, and was deposed on May 22-24, 2019 and August 12-13, 2019. Mr. Bassier passed away on October 10, 2021.

190088/2019   BASSIER, COLLIN N vs. A.O. SMITH WATER PRODUCTS CO
Motion No.  005

Page 2 of 5

2 of 5

The Court notes that summary judgment is a drastic remedy and should only be granted if the moving party has sufficiently established that it is warranted as a matter of law. *See Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 (1986). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *Winegrad v New York University Medical Center*, 64 NY2d 851, 853 (1985). Despite the sufficiency of the opposing papers, the failure to make such a showing requires denial of the motion. *See id.* at 853.

Additionally, summary judgment motions should be denied if the opposing party presents admissible evidence establishing that there is a genuine issue of fact remaining. *See Zuckerman v City of New York*, 49 NY2d 557, 560 (1980). "In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility." *Garcia v J.C. Duggan, Inc.*, 180 AD2d 579, 580 (1st Dep't 1992), citing *Dauman Displays, Inc. v Masturzo*, 168 AD2d 204 (1st Dep't 1990). The court's role is "issue-finding, rather than issue-determination". *Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 (1957) (internal quotations omitted). As such, summary judgment is rarely granted in negligence actions unless there is no conflict at all in the evidence. *See Ugarriza v Schmieder*, 46 NY2d 471, 475-476 (1979). Furthermore, the Appellate Division, First Department has held that on a motion for summary judgment, it is moving defendant's burden "to unequivocally establish that its product could not have contributed to the causation of plaintiff's injury". *Reid v Georgia-Pacific Corp.*, 212 AD2d 462, 463 (1st Dep't 1995).

The appropriate standard at summary judgment for moving defendant Burnham can be found in *Dyer v Amchem Products Inc.*, 207 AD3d 408, 409 (1st Dep't 2022). In *Dyer*, defendants were granted summary judgment not by "simply argu[ing] that plaintiff could not

190088/2019  BASSIER, COLLIN N vs. A.O. SMITH WATER PRODUCTS CO        Page 3 of 5
Motion No. 005

3 of 5

[* 3]

affirmatively prove causation" but by "affirmatively prov[ing], as a matter of law, that there was no causation." *Id*. The Appellate Division, First Department, recently affirmed this Court's decision in *Sason v Dykes Lumber Co., Inc., et. al.*, 2023 NYSlipOp 05796 (1st Dep't 2023), stating that "the parties' competing causation evidence constituted the classic 'battle of the experts' " sufficient to raise a question of fact, and to preclude summary judgment.

The Court notes that Mr. Bassier was born and raised in Jamaica and emigrated to America in his teenage years to work at his stepfather's business, Hamilton Heating & AC, from 1981 to 1984. His work consisted of removing existing residential boilers. Mr. Bassier identified Burnham Boilers as an asbestos-containing product in his Verified Answers to Interrogatories. *See* Affirmation in Opposition to Defendant Burnham's Motion for Summary Judgment, Exh. 4, Plaintiff's Response to Defendants' Fourth Amended Interrogatories and Request for Production of Documents, p. 12. In his deposition testimony, when asked if he knew the brand name, trade name, or manufacturer name of the boilers he removed during his time at Hamilton, Mr. Bassier answered, *inter alia*, "Burningham", which was spelled phonetically as annotated in the deposition transcript. *See* Affirmation in Opposition, Exh. 3, Depo. Tr. of Collin Bassier, dated May 22, 2019, p. 91, ln. 23. The Appellate Division, First Department, has held that "[t]he deposition testimony of a litigant is sufficient to raise an issue of fact so as to preclude the grant of summary judgment dismissing the complaint. The assessment of the value of a witnesses' testimony constitutes an issue for resolution by the trier of fact, and any apparent discrepancy between the testimony and the evidence of record goes only to the weight and not the admissibility of the testimony." *Dollas v W.R. Grace and Co.*, 225 AD2d 319, 321 (1st Dep't 1996) (internal citations omitted).

**190088/2019  BASSIER, COLLIN N vs. A.O. SMITH WATER PRODUCTS CO**
**Motion No.  005**

**Page 4 of 5**

4 of 5

Further, defendant Burnham makes no attempt to meet their initial burden on a motion for summary judgment by proving that their products did not contain asbestos. Thus, moving defendant has failed to "establish that its products could not have contributed to the causation of plaintiff's injury." *Reid v Georgia-Pacific Corp., supra.* As conflicting evidence has been presented herein, and a reasonable juror could determine that Mr. Bassier was exposed to asbestos-containing boilers manufactured by defendant Burnham from his work removing boilers, and that such exposure could have contributed to his fatal illness, sufficient issues of fact exist to preclude summary judgment.

Accordingly, it is

ORDERED that defendant Burnham, LLC's motion for summary judgment denied in its entirety; and it is further

ORDERED that within 30 days of entry plaintiff shall serve all parties with a copy of this Decision/Order with notice of entry.

This constitutes the Decision/Order of the Court.

| 3/13/2024 | | |
|---|---|---|
| **DATE** | | **ADAM SILVERA, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**190088/2019  BASSIER, COLLIN N vs. A.O. SMITH WATER PRODUCTS CO**
**Motion No. 005**

Page 5 of 5