**Thomas v New York City Tr. Auth.**

2024 NY Slip Op 31130(U)

April 5, 2024

Supreme Court, New York County

Docket Number: 151346/2020

Judge: Denise M. Dominguez

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. DENISE M DOMINGUEZ** | PART 35M |
| *Justice* | |

-------------------------------------------------------------------X

ZETHROY THOMAS,

                    Plaintiff

             - v -

NEW YORK CITY TANSIT AUTHORITY, EDWARD D.
DOUCE, EMMANUEL VARGAS BORREL, VICTOR M.
BORREL, MANHATTAN AND BRONX SURFACE TRANSIT
OPERATING AUTHORITY

                    Defendants

| | |
|---|---|
| INDEX NO. | 151346/2020 |
| MOTION SEQ. NO. | 003 004 |

**DECISION AND ORDER ON MOTION**

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 84, 86, 87, 92, 94, 95

were read on this motion to/for            _____ REARGUMENT/RECONSIDERATION _____ .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 79, 80, 81, 82, 83, 85, 88, 89, 90, 91, 93

were read on this motion to/for            _____ REARGUMENT/RECONSIDERATION _____ .

       Plaintiff Zethroy Thomas (THOMAS), in motion Seq. 3, and Defendants Victor M. Borrel (BORREL) and Emmanuel Borrel-Vargas (VARGAS) in motion Seq. 4, move for reargument of this Court's Decision and Order, granting summary judgment to Co-Defendants, New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company, Manhattan and Bronx Surface Transit Operating Authority, Edward D. Douce's (TRANSIT).

       Upon reconsideration, these motions are granted and the previously granted motion for summary judgment to TRANSIT (Motion Seq. 2) is now denied.

## Background

       This personal injury matter arises out a collision between a public bus, operated by TRANSIT bus driver, Defendant Edward D. Douce (DOUCE), and a motor

[* 1]

vehicle owned by BORREL and operated by VARGAS. Plaintiff, a passenger on the public bus, alleges that on June 13, 2019, at or near the intersection of West 125th Street and Amsterdam Avenue in Manhattan, he sustained injuries as a result of the accident when the bus driver suddenly applied the brakes. Plaintiff then commenced a negligence action against TRANSIT, BORREL and VARGAS.

This Court notes that this action was joined for the purposes of trial and discovery by Decision and Order (Adam, J) with related matter captioned, *Michael Cook v. New York City Transit Authority et al.*, Index No. 450720/2021 (NYSCEF Doc. 25). Plaintiff Michal Cook was also a passenger on the public bus who alleged sustaining injuries as a result of this same accident and commenced a negligence action against the same Defendants.

Post-note of issue, TRANSIT moved for summary judgment in both matters. In both matter, this Court found that based on the evidence submitted and primarily relying on the bus video, TRANSIT had established entitlement to judgment as a matter of law and opposing papers had not raised a material issue of fact (*see e.g., Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]; *Santana v. Metro. Transportation Co.*, 170 A.D.3d 551 [1st Dept 2019]; *Clayson* v. *Williams,* 203 AD3d 656, [1st Dept 2022]; see also *Rodriguez* v. *New York City Transit Auth.*, 172 AD3d 508 [1st Dept 2019]).

Plaintiff THOMAS, BORREL, and VARGAS now move for reargument, pursuant to CPLR 2221, asserting that questions of fact remain regarding TRANSIT's liability and rely upon a previously submitted TRANSIT investigative memorandum. TRANSIT opposes.

*Discussion*

In considering a timely motion for leave to reargue pursuant to CPLR 2221, this Court may grant such application upon a showing that it overlooked or misapprehended the facts or the law

151346/2020 THOMAS, ZETHROY vs. NEW YORK CITY TANSIT AUTHORITY
Motion No. 003 004

Page 2 of 4

or for some reason mistakenly arrived at its earlier decision (*see* CPLR 2221[d][2]; *William P. Pahl Equip. Corp. v. Kassis*, 182 AD2d 22 [1st Dept 1992]).

Here, the movants timely move for reargument and rely upon TRANSIT's investigative memorandum to argue that issues of fact exist that were overlooked. Specifically, the movants highlight that the memorandum concludes that multiple factors contributed to the collision including Defendant's VARGAS actions but also that their own bus driver should have applied better defensive driving skills. In opposition, TRANSIT argues that the internal memo cannot be considered for purposes of TRANSIT's liability since it is based on internal rules, regulations, guideline, protocols, policy practices or procedures that hold TRANSIT employees to a higher standard of care than common law.

Upon reconsideration, this Court concludes again that TRANSIT's evidence properly established that VARGAS's driving caused the accident by crossing in front of the bus. VARGAS' actions created the situation that caused bus driver DOUCE to suddenly apply the brakes and cause Plaintiff's injuries, making the emergency doctrine applicable and DOUCE's actions reasonable.

However, upon further reconsideration, this Court now concludes that the memorandum raises a question of fact better suited for a trier of fact to decide- whether TRANSIT contributed at all to the accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Here the memo was prepared approximately eight (8) days after the accident and was based on TRANSIT's own investigation conducted the day of the accident. Unlike other general policies and protocols by TRANSIT that hold their employees to a higher standard than common law negligence, this investigative memo was prepared specifically because of this accident. Further, the preparer of the memo, a TRANSIT employee, also considered the bus video and the statements given by the drivers. The memo concluded that multiple factors led to the accident, including that DOUCE

151346/2020 THOMAS, ZETHROY vs. NEW YORK CITY TANSIT AUTHORITY
Motion No. 003 004

Page 3 of 4

[* 3]

"failed to employ all the necessary defensive driving skills to avoid the collision"

Accordingly, while it is evident that VARGAS caused the accident, the preparer of the memo was not deposed, and the direct and cross-examination of this witnesses is necessary to eliminate all questions of fact as to any liability by TRANSIT. Thus, TRANSIT established a prima facia showing, but a material question of fact did exist.

It is hereby,

ORDERED that Plaintiff THOMAS's motion to reargue (Motion Seq. 3) and Defendants BORREL and VARGAS' motion to reargue (Motion Seq. 4), pursuant to CPLR 2221 are granted; and it is further

ORDERED that within 20 days from the entry of this Order, Plaintiff THOMAS and Defendants BORREL and VARGAS shall serve a copy of this Order with notice of entry upon all parties and the Clerk of the Court in accordance with electronic filing.

| 4/5/2024 | | | DENISE M DOMINGUEZ, J.S.C. |
|----------|---|---|---|
| **DATE** | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | ☐ DENIED | | GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | ☐ REFERENCE |

151346/2020   THOMAS, ZETHROY vs. NEW YORK CITY TANSIT AUTHORITY          Page 4 of 4
Motion No.  003 004

4 of 4