■ EDWARD O'NEILL, Appellant, v JOSEPH MAIARA, Respondent. [701 NYS2d 108] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Rosenberg, J.), dated September 14, 1998, which, upon the granting of the defendant's application to set aside a jury verdict finding the plaintiff 50% at fault and the defendant 50% at fault in the happening of the accident, is in favor of the defendant and against the plaintiff on the issue of liability, and dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was in the defendant's backyard with a mutual friend when he stepped on a nail protruding from a wooden board allegedly placed in the yard by the defendant. As the plaintiff attempted to dislodge his foot from the board, he somehow slipped and caught his right foot underneath the blade of a running lawn mower operated by the friend. As a result of the accident, the plaintiff severed four toes.

The jury determined that the plaintiff and the defendant each had been 50% at fault in the happening of the accident. The Supreme Court granted the defendant's application to set aside the verdict and directed entry of judgment as a matter of law on the issue of liability in favor of the defendant and against the plaintiff.

To sustain a determination that a jury verdict is not supported by sufficient evidence as a matter of law, there must be no valid line of reasoning and permissible inferences which

could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial (*see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129).

A landowner has a duty to exercise reasonable care in maintaining his property in a safe condition under all of the circumstances, including the likelihood of injury to others, the seriousness of potential injuries, and the burden of avoiding the risk of injury (*see, Basso v Miller,* 40 NY2d 233). However, a landowner may not be held liable for injuries resulting from a defective condition on the property unless he or she created the defective condition or had actual or constructive notice thereof (*see, Kraemer v K-Mart Corp.,* 226 AD2d 590).

In light of the plaintiff's failure to establish that the defendant placed the wooden board in the middle of the yard or had notice thereof, or that such alleged defect was the proximate cause of the plaintiff's injuries (*see, Lynch v Bay Ridge Obstetrical & Gynecological Assocs.,* 72 NY2d 632; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308), there was no valid line of reasoning or permissible inferences which could have led the jury to conclude that the defendant was at fault in the happening of the accident. Under the circumstances, the Supreme Court did not err in setting aside the verdict and directing entry of judgment on the issue of liability in favor of the defendant. Bracken, J. P., S. Miller, Altman and Luciano, JJ., concur.