■ CARLOS PEREZ, Appellant, v BRONX PARK SOUTH ASSOCIATES, Respondent. [728 NYS2d 33] —Order, Supreme Court,

Bronx County (Bertram Katz, J.), entered October 24, 1999, which granted defendant's motion for summary judgment dismissing the complaint, affirmed, without costs.

This is a personal injury action in which plaintiff Carlos Perez alleges that he slipped and fell on the front steps of his apartment building, which is designated as 940 Bronx Park South, Bronx, New York (the building). The building is owned and maintained by defendant Bronx Park South Associates (Bronx Park).

Plaintiff, at a deposition conducted on February 3, 1999, testified that he worked close to his residence and returned often during the day, and that when he left for work at 5:00 A.M., he did not notice any debris or oil on the steps of the building. Plaintiff maintained that he returned to his apartment for lunch at approximately 12:00 P.M., at which time there was no debris on the steps. Plaintiff then testified that he left to return to work at approximately 1:30 P.M. and slipped and fell on supermarket fliers that were probably placed on the steps while he was inside his apartment eating lunch. Initially, plaintiff averred that he fell on the fliers and "that was it," but, after some prodding from his attorney, who queried "[d]idn't you tell me you slipped on garbage and oil on the steps?" plaintiff agreed that there was oil on the first step, but that the oil was not there earlier in the day and appeared at some point between the time he returned for lunch at noon and when he fell, 1½ hours later.

It is well established that a landowner is under a duty to maintain its property in a reasonably safe condition under the existing circumstances, which include the likelihood of injury to third parties, the potential that any such injury would be of a serious nature, and the burden of avoiding the risk (*Basso v Miller*, 40 NY2d 233, 241; *Pappalardo v New York Health & Racquet Club*, 279 AD2d 134). However, in order to recover damages for an alleged breach of this duty, a party must demonstrate that the landlord created, or had actual or constructive notice of, the hazardous condition which precipitated the injury (*Leo v Mt. St. Michael Academy*, 272 AD2d 145; *O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107; *Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969). In order to constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to allow the owner to discover and remedy it (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837; *O'Connor-Miele v Barhite & Holzinger*, *supra*, at 106; *O'Neill v Maiara*, 267 AD2d 440).

In light of the foregoing, plaintiff's own deposition testimony makes it clear that none of the criteria necessary to sustain a cause of action against the landowner have been met. Plaintiff's submission of a one-page affidavit from his neighbor, an alleged eyewitness to the accident, which consists of nothing more than two relevant sentences of conclusory allegations tailored to overcome plaintiff's testimony, is insufficient to warrant the denial of defendant's motion. As we held in *Phillips v Bronx Lebanon Hosp.* (268 AD2d 318, 320), "[w]hile issues of fact and credibility may not ordinarily be determined on a motion for summary judgment, where, as here, the self-serving affidavits submitted by plaintiff in opposition clearly contradict plaintiff's own deposition testimony and can only be considered to have been tailored to avoid the consequences of her earlier testimony, they are insufficient to raise a triable issue of fact to defeat defendant's motion for summary judgment." (*See also, Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441 ["The court may not weigh the credibility of the affiants on a motion for summary judgment *unless it clearly appears that the issues are not genuine, but feigned.*" (emphasis added)].) Concur—Nardelli, J. P., Williams, Tom and Lerner, JJ.

Rubin, J., dissents in a Memorandum as follows: The function of a court on a motion for summary judgment is issue finding not issue determination (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting*, 104 AD2d 331, 333, *affd* 65 NY2d 732; *Creighton v Milbauer*, 191 AD2d 162, 166). The evidence in this case raises triable issues of fact not amenable to summary disposition as a matter of law.

Though the basis of defendant's CPLR 3212 motion is not stated in either the notice of motion or the accompanying affidavit of counsel, it is clearly predicated upon CPLR 3211 (a) (7). Dismissal of the complaint is sought on the ground that no action is stated in that there is allegedly no evidence that defendant had notice, either actual or constructive, of the claimed hazardous condition. The Court of Appeals has unequivocally stated that whether the order under review decides a preanswer motion to dismiss or a motion for summary judgment, the Court "must view the facts in a light most favorable to the plaintiff" (*Crosland v New York City Tr. Auth.*, 68 NY2d 165, 168, n 2), "consistent with the rule that in opposing motions to dismiss for failure to state a cause of action and motions for summary judgment the plaintiff's submissions must be accepted as true" (*Ingle v Glamore Motor Sales*, 73 NY2d 183, 194).

The discrepancy between plaintiff's deposition testimony that he observed no debris or oil on the steps an hour and one half prior to the accident and the affidavit of his neighbor that she observed "papers, garbage and grease" on the steps the previous day that had not been removed at the time of the accident presents, at most, an issue of credibility to be resolved at trial. "The assessment of the value of a witness['s] testimony constitutes an issue for resolution by the trier of fact, and any apparent discrepancy between the testimony and the evidence of record goes only to the weight and not the admissibility of the testimony" (*Dollas v W. R. Grace & Co.*, 225 AD2d 319, 321, citing *Rivera v City of New York*, 212 AD2d 403, 404). "The court may not weigh the credibility of the affiants on a motion for summary judgment unless it clearly appears that the issues are not genuine, but feigned" (*Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441, citing *Curry v Mackenzie*, 239 NY 267, 269-270).

An issue of fact will be disregarded when dismissal of the complaint is based upon an admission by the plaintiff that is contradicted by his self-serving affidavit in opposition to the motion (*Joe v Orbit Indus.*, 269 AD2d 121, 122; *Kistoo v City of New York*, 195 AD2d 403, 404; *Prunty v Keltie's Bum Steer*, 163 AD2d 595, 596) or by compelling documentary evidence (*cf., Dollas v W. R. Grace & Co., supra* at 321 ["any conflict between plaintiff's allegations and the documentary evidence merely presents an issue of credibility for resolution at trial"] *and Leo v Mt. St. Michael Academy*, 272 AD2d 145, 146 [where documentary evidence conclusively establishes a factual issue is not genuine, summary disposition is appropriate]). Unlike a plaintiff's own self-serving affidavit, submitted in an attempt to retract his previous admission (*e.g., Columbus Trust Co. v Campolo*, 110 AD2d 616, *affd* 66 NY2d 701 *for reasons stated below*), the affidavit submitted by plaintiff herein in opposition to defendant's summary judgment motion is signed by a disinterested, unrelated witness to the accident (*cf., Phillips v Bronx Lebanon Hosp.*, 268 AD2d 318 [affidavits of plaintiff, brother and uncle]).

With respect to the "papers, garbage and grease" alleged to have been present on the steps, the witness's affidavit states that she "had first observed this condition on said stairs the day before the accident, yet nothing was done to clean it up." A witness's affidavit cannot be characterized as "conclusory" or dismissed as self-serving merely because it proceeds from an acquaintance. "Rather, it must be regarded as indicative of the evidence to be adduced at trial from a competent witness"

(*Harris v City of New York*, 147 AD2d 186, 189 [parent's statement]; *Butler v Helmsley-Spear, Inc.*, 198 AD2d 131 [plaintiff's self-serving statement sufficient to raise issue of fact]). Plaintiff's statement is both self-defeating and constitutes an informal judicial admission (Richardson, Evidence § 217 [Prince 10th ed]; Fisch, New York Evidence § 803 [2d ed 1977]). However, as opposed to a formal judicial admission, which is binding upon the party making it "unless modified or relieved in the discretion of the court" (Richardson, Evidence § 216), an informal judicial admission has the status of an extra-judicial admission, which is not conclusive (Fisch, New York Evidence § 803). "The probative value to be accorded an admission is determined by the trier of fact, and depends on the conditions and circumstances under which it was made and reported. Consequently, its force may range from little or no effect to a very strong inference. Extra judicial admissions, however, are not conclusive." (Fisch, New York Evidence § 806.) Contrary to these well-established rules of evidence, the majority has given conclusive effect to plaintiff's admission, and contrary to settled principles governing the award of summary judgment, it has resolved an issue of credibility as a question of law, discounting the sworn statement of a disinterested witness.

Accordingly, the order should be reversed, summary judgment denied and the matter remanded to Supreme Court for further proceedings.