■ Casita, LP, Respondent, v Maplewood Equity Partners (Offshore) Ltd., Appellant. (And Another Action.) [874 NYS2d 123]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 4, 2008, which granted plaintiff's cross motion for a preliminary injunction enjoining defendant from declaring or holding plaintiff in default under the parties' articles of association and subscription agreement, or acting upon any default by plaintiff, as a consequence of plaintiff's refusal to fund certain capital calls, and order, same court and Justice, entered July 3, 2008, which, insofar as appealed from, as limited by the brief, granted plaintiff's cross motion to dismiss defendant's counterclaims based on two of the capital calls, unanimously affirmed, with costs.

The court providently exercised its discretion in granting plaintiff's application for preliminary injunctive relief upon its clear showing of a likelihood of success on the merits of its claim that defendant's calls for capital contributions (capital calls) were not authorized under the controlling articles of association and subscription agreement, that plaintiff would suffer irreparable injury unless the relief sought was granted, and that the balancing of the equities lies in favor of plaintiff (*see W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]). The record evidence establishes that defendant's capital calls for litigation expenses and for "Follow-on Investments" were untimely, causing the potential for plaintiff's default and the loss of plaintiff's voting power and decision-making rights appurtenant to its shares.

Since the documentary evidence conclusively establishes that the capital calls issued for Follow-on Investments were untimely, the court properly granted plaintiff's cross motion to dismiss defendant's counterclaims for breach of contract and for a declaratory judgment that it was entitled to issue those capital calls. Concur—Andrias, J.P., Saxe, Acosta and Renwick, JJ. [*See* 17 Misc 3d 1137(A), 2007 NY Slip Op 52322(U).]