■ JOSEPH CERVERIZZO et al., Appellants, v CITY OF NEW YORK et al., Respondents. CITY OF NEW YORK et al., Third-Party Plaintiffs-Respondents, v J. BLANCO ASSOCIATES, INC., Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And Other Third-Party Actions.) [975 NYS2d 338]—

Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.),

entered July 13, 2012, which, insofar as appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the Labor Law § 200 claim as against defendant Yonkers Construction Corp. and the Labor Law § 241 (6) claim against all defendants, unanimously modified, on the law, to deny the motion as to the Labor Law § 200 claim, and otherwise affirmed, without costs.

Pursuant to Labor Law § 200, Yonkers failed to establish prima facie that it neither created nor had actual or constructive notice of the dangerous condition, allegedly created by an excavating company, that caused plaintiff Joseph Cerverizzo's injury. Yonkers's own workers performed excavation in the area and were responsible for providing protection from excavation holes. Yonkers's argument that it did not exercise supervisory control over plaintiff's work is inapposite, in light of the evidence that Yonkers created the dangerous condition (*see Picchione v Sweet Constr. Corp.*, 60 AD3d 510, 512 [1st Dept 2009]).

As a predicate for the Labor Law § 241 (6) claim, Industrial Code (12 NYCRR) § 23-1.7 (b) (1) (i) (hazardous openings) is inapplicable, because the hole that plaintiff stepped into, as he described it, was not large enough for a person to fit through (*see Messina v City of New York*, 300 AD2d 121, 123-124 [1st Dept 2002]). Section 23-1.7 (e) (1) and (d) (tripping hazards and slipping hazards) are inapplicable because plaintiff's only testimony that he both tripped and slipped is contained in his affidavits, which were tailored to avoid the consequences of his prior deposition testimony that he neither tripped nor slipped (*see Perez v Bronx Park S. Assoc.*, 285 AD2d 402, 404 [1st Dept 2001], *lv denied* 97 NY2d 610 [2002]). Concur—Andrias, J.P., Friedman, Richter, Manzanet-Daniels and Feinman, JJ.