— Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered February 5, 2013, which, upon reargument of defendants-appellants’ (defendants) motion for summary judgment, reinstated plaintiffs common-law negligence claim, unanimously affirmed, without costs.
A court may search the record and grant relief only with respect to a claim on which summary judgment is sought (see New Hampshire Ins. Co. v MF Global, Inc., 108 AD3d 463, 467 [1st Dept 2013]). Since defendants’ summary judgment motion, addressed to plaintiffs Labor Law claims, did not seek dismissal of plaintiffs common-law negligence claim, the court, upon re-argument, properly reinstated the claim. Moreover, questions of fact exist concerning whether defendants performed the construction work and, in doing so, improperly stacked the boxes that allegedly injured plaintiff. Contrary to defendants’ contentions, plaintiff’s testimony was neither incredible as a matter of law, nor self-contradictory (see Glick & Dolleck v Tri-Pac Export Corp., 22 NY2d 439, 441 [1968]; cf. Perez v Bronx Park S. Assoc., 285 AD2d 402, 404 [1st Dept 2001], lv denied 97 NY2d 610 [2002]). Plaintiff was not required to show that defendants supervised and controlled his work, as this case *620 involves an allegedly dangerous condition, not the means and methods of the work (see Murphy v Columbia Univ., 4 AD3d 200, 202 [1st Dept 2004]). Concur — Sweeny, J.E, Acosta, Saxe, Manzanet-Daniels and Clark, JJ.