BENJAMIN SPIVAK, Individually and Derivatively on Behalf of EYEBALL ON THE FLOOR, INC. and Another, Respondent, v ERIC BERTRAND et al., Appellants, et al., Defendants, et al., Nominal Defendants. [48 NYS3d 348]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered on or about February 8, 2016, which granted plaintiff's motion for a preliminary injunction, set an undertaking of $30,000, and enjoined defendants-appellants from cancelling plaintiff's shares in Eyeball on the Floor, Inc. and/or Eyeball Digital, Inc., or forcing him to involuntarily transfer such shares, unanimously modified, on the law, to remand for the fixing of an appropriate undertaking in accordance herewith, and otherwise affirmed, without costs.

Plaintiff established his probable success on the merits (*see Nobu Next Door, LLC v Fine Arts Hous., Inc.*, 4 NY3d 839 [2005]) by showing that he was wrongfully terminated from his officer position at Eyeball on the Floor, Inc., without cause, effective December 31, 2015. The parties agree that plaintiff's employment agreement, as written, provided that plaintiff could not be terminated without cause at the end of the initial term (December 31, 2015). "[W]hen parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (*Ashwood Capital, Inc. v OTG Mgt., Inc.*, 99 AD3d 1, 7 [1st Dept 2012] [internal quotation marks omitted]).

Defendants-appellants contend that plaintiff's employment agreement contains a scrivener's error and that the parties intended to allow for termination without cause at the end of the initial term. However, their evidence fails to show " 'exactly what was really agreed upon between the parties' " (*Resort Sports Network Inc. v PH Ventures III, LLC*, 67 AD3d 132, 135-136 [1st Dept 2009]; *see also George Backer Mgt. Corp. v Acme Quilting Co.*, 46 NY2d 211, 219 [1978]).

Without the preliminary injunction, plaintiff will be irreparably harmed, since his shares in Eyeball on the Floor, Inc. and Eyeball Digital, Inc. will be automatically transferred to the individual defendants, and he will be stripped of his voting power and decision-making rights, including his right to vote on the potential merger with defendant Modus Operandi, LLC (*see Casita, LP v MapleWood Equity Partners [Offshore] Ltd.*, 60 AD3d 488 [1st Dept 2009]; *Yemini v Goldberg*, 60 AD3d 935, 937 [2d Dept 2009]).

The balance of the equities lies with plaintiff, since, without an injunction, he will lose all his shareholder rights in the companies. In contrast, defendants contend that plaintiff will

vote against the merger and the companies will be forced to close, but they presented no evidence that either company is in financial distress.

We find that the amount of the undertaking fixed by the motion court is not rationally related to the damages that defendants-appellants may sustain by reason of an injunction finally determined to have been unwarranted (CPLR 6312 [b]; *1414 Holdings, LLC v BMS-PSO, LLC*, 116 AD3d 641, 643-644 [1st Dept 2014]; *London Paint & Wallpaper Co., Inc. v Kesselman*, 138 AD3d 632, 633 [1st Dept 2016]). Accordingly, we remand the matter to Supreme Court to set the amount of the undertaking upon the receipt of competent evidence of the potential losses by the company and the value of the company's hard assets. Concur—Friedman, J.P., Richter, Kapnick and Kahn, JJ.