Gallagher v Crotty (2024 NY Slip Op 01869)

Gallagher v Crotty

2024 NY Slip Op 01869

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Kern, J.P., Singh, González, Pitt-Burke, Rosado, JJ. 

Index No. 651498/15 Appeal No. 1988-1990-1990A Case No. 2023-02906, 2023-02907, 2023-04162 

[*1]Kevin P. Gallagher, Plaintiff-Respondent,
v
John Crotty et al., Defendants-Appellants.

Mischel & Horn, P.C., New York (Scott T. Horn of counsel), and Stanley Kalmon Schlein, Bronx, for appellants.
DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains (Peter S. Dawson of counsel), for respondent.

Order and judgment (one paper), Supreme Court, New York County (David B. Cohen, J.), entered on June 27, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment as to liability on his breach of contract claim, denied defendants' second cross-motion for summary judgment dismissing the claims for an accounting of an alleged general partnership and of several related entities, declared certain amendments to the operating agreements of the enumerated entities void ab initio, and directed the parties to appear for an inquest on damages and attorneys' fees arising therefrom, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 16, 2023, which granted plaintiff's partial summary judgment motion and denied defendants' cross-motion for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid order and judgment. Appeal from an order, same court and Justice, entered May 15, 2023, which denied defendants' motion to quash a subpoena served on a nonparty entity which they own, unanimously dismissed, without costs, as abandoned.
Supreme Court properly granted partial summary judgment to plaintiff for breach of contract (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Plaintiff satisfied his prima facie burden showing that defendants amended the three operating agreements in violation of § 19.1(a)(iii) thereof, which does not authorize approval in this instance by majority consent since the amendment had a materially adverse effect on plaintiff. Defendant Warren's testimony demonstrates that defendants knew the amendment newly authorizing compensation to him and defendant Crotty for their ongoing management of real estate properties — approved several years after plaintiff was no longer involved in managing properties and two years after he commenced this action — would diminish distributions to plaintiff by prioritizing management fee payments to them. Under the clear terms of the agreement, plaintiff was not required to show that the amendment also increased members' contributions, as instead the contract provision only allows amendment by majority consent where there is no such increase and no adverse effects on members (see Spivak v Bertrand, 147 AD3d 650, 651 [1st Dept 2017]). We reject defendants' proffered interpretation, that the operating agreements would allow a majority of members to approve amendments that adversely affect one or some members in a material way, as unreasonable (compare Greenfield v Philles Records, 98 NY2d 562, 569-570 [2002]).
Plaintiff also satisfied his prima facie burden showing a violation of § 19.1(b)(vi) of the operating agreements. It is undisputed that the amendment prioritized the management fees over member distributions, and Warren testified that management fees were paid from distributions. This evidence demonstrates that the amendment "alters the manner of computing [*2]the Distributions of any Member" (Operating Agreements, § 19.1[b][vi]). Further, the effect was disproportionate on plaintiff compared to the other members, who granted themselves the right to management fees because, as defendant Fitzgerald testified, they had "had it" with plaintiff taking adverse positions while they were managing the assets.
Defendants failed to raise a triable issue of fact (see Alvarez, 68 NY2d at 324). Supreme Court was not required to accept as true their version of the facts, as Warren's "self-serving affidavit[] submitted . . . in opposition" to plaintiff's motion, in which he averred that defendants weighed hiring a manager against managing the properties themselves and decided that self-management with compensation would save the LLCs money, "clearly contradict[s] [his] own deposition testimony" that the justification for the amendment was that he and Crotty wanted to be paid for work they were already doing and that they set a $1,000 per unit figure because they thought it was a reasonable number (Perez v Bronx Park S. Assoc., 285 AD2d 402, 404 [1st Dept 2001], lv denied 97 NY2d 610 [2002]). Indeed, the argument that defendants undertook a cost-benefit analysis contrasts with Warren's testimony where he stated, when asked whether there was any analysis done to determine the fee amount, that defendants held a discussion. As such, his affidavit "is insufficient to raise an issue of fact" (Tsai Chung Chao v Chao, 161 AD3d 564, 564-565 [1st Dept 2018]; accord Cerverizzo v City of New York, 111 AD3d 535, 536 [1st Dept 2013]).
Defendants' reliance on the business judgment rule — based exclusively on facts asserted in Warren's affidavit — necessarily fails (see e.g. Auerbach v Bennett, 47 NY2d 619, 629 [1979]). The business judgment rule "does not apply" here, as "the challenged decision was taken in violation of the [company]'s . . . governing documents" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 665 [2d Dept 2021]). Nor does it protect defendants Warren and Crotty's approval of compensation payable to themselves for services rendered, which amounts to "self-dealing" (Wolf v Rand, 258 AD2d 401, 404 [1st Dept 1999]; see also Matter of Lin Shin Leung Charitable Found. v Seng, 177 AD3d 463, 465 [1st Dept 2019]).
Supreme Court properly denied defendants' second cross-motion for summary judgment dismissing, as argued on appeal, the first and fifth claims for an accounting. As to the portions of the fifth claim for which defendants contend that plaintiff lacks standing, defendants "did not appeal Supreme Court's earlier order granting [partial] summary judgment" to plaintiff on this very claim, entered August 3, 2017 (Horn v Nestor, 213 AD3d 435, 435-436 [1st Dept 2023], lv dismissed 39 NY3d 1174 [2023]). "[T]hat ruling was therefore law of the case" (id. at 436).
As to the first cause of action arising from an alleged oral partnership, Supreme Court providently considered defendants' proffer of new evidence consisting [*3]of plaintiff's deposition, taken after the prior motion and cross-motion were decided, as well as their new statute of frauds argument (see Elihu v Nicoleau, 173 AD3d 578, 578 [1st Dept 2019]; Burbige v Siben & Ferber, 152 AD3d 641, 642 [2d Dept 2017]). Nonetheless, Supreme Court correctly found that defendants failed to demonstrate that no oral partnership existed as a matter of law. First, "[t]he statute of frauds is inapplicable to an agreement to create a joint venture or partnership because an oral agreement for an indefinite period creates a partnership or joint venture at will" (Moses v Savedoff, 96 AD3d 466, 469 [1st Dept 2012]). Plaintiff testified that he understood defense counsel's term "in perpetuity" to mean that the partnership was planning to hold and manage assets over the long term, which, giving plaintiff "the benefit of every available inference," is an indefinite term (Medina-Ortiz v Seda, 157 AD3d 499, 499 [1st Dept 2018]). Second, as was the case for defendants' prior cross-motion, there is evidence in the record supporting plaintiff's allegations that preclude summary judgment, including "plaintiff's testimony" and several documents showing defendants' "representations to others" that plaintiff and defendants were partners (Gerzog v Goldfarb, 206 AD3d 554, 554 [1st Dept 2022]; see also M.I.F. Sec. Co. v Stamm & Co., 94 AD2d 211, 214 [1st Dept 1983], affd 60 NY2d 936 [1983]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024