■ RONALD BUTLER et al., Appellants, v HELMSLEY-SPEAR, INCORPORATED, et al., Respondents. (And a Third-Party Action.) [604 NYS2d 51] —Order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered May 18, 1992, which granted defendants' motions for summary judgment dismissing plaintiff's complaint, unanimously reversed, on the law, and the motions denied, without costs.

Defendants seek dismissal of plaintiff Wheeler's complaint on the ground that she sustained no injury and, thus, that the complaint states no cause of action upon which relief may be predicated. Because the sufficiency of the pleadings is attacked, the allegations contained in the complaint, as supplemented by plaintiff's affidavit and bill of particulars, "must be given their most favorable intendment" *(Arrington v New York Times Co.,* 55 NY2d 433, 442, *cert denied* 459 US 1146; *Dulberg v Mock,* 1 NY2d 54, 56).

Plaintiff Wheeler is one of 25 persons suing defendants in this consolidated action for personal injuries allegedly caused by exposure to toxic fumes in an office building over a period of several days. In her affidavit in opposition to defendants' motions to dismiss, Wheeler claims that she felt "a little drowsy and dizzy during the periods of exposure" and "also suffered with headaches during these times". She does not, however, allege "permanent" or "severe" effects, confinement, medical treatment, expenses, loss of income or loss of work as a result of the exposure. She states that she sought no medical

treatment because her symptoms were "arrested", as were her "concern and feelings of anxiety concerning her health".

That plaintiff's symptoms may not have been so significant as to cause lasting effects, prompt her to seek medical attention or require absence from work, as admitted in her bill of particulars, does not lead to the inexorable conclusion that she has sustained no injury compensable by at least nominal damages. Her affidavit in opposition to defendant's summary judgment motions constitutes evidence in admissible form by someone with personal knowledge of the facts *(Zuckerman v City of New York,* 49 NY2d 557, 563). Whether self-serving or not, it is sufficient to raise a triable issue with respect to an injury, concededly transient in nature, and the pain and suffering attendant thereto. On a motion for summary judgment, the function of the court is one of issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404; *Wiener v Ga-Ro Die Cutting,* 104 AD2d 331, 333, *affd* 65 NY2d 732), and any conflict which might exist between the allegations of her affidavit and those contained in the bill of particulars merely presents an issue of credibility for resolution at trial *(Cohn v Lionel Corp.,* 21 NY2d 559, 563; *see also, Patrolmen's Benevolent Assn. v City of New York,* 27 NY2d 410, 415). Likewise, any question of compensation for the injuries asserted, including whether they were the proximate result of defendants' activities, constitutes an issue of fact. Concur—Wallach, J. P., Ross, Asch and Rubin, JJ.