◼ CAROLYN STRECKER, Formerly Known as CAROLYN SARAFIAN, Appellant, v WALTER SARAFIAN, Respondent. [633 NYS2d 90] —Crew III, J. Appeal from an order of the Supreme Court (Lynn, J.H.O.), entered May 4, 1994 in Ulster County, which denied plaintiff's motions to modify the terms of a receivership.

In October 1990, defendant's property was placed in receivership due to his failure to meet certain obligations contained in the judgment divorcing him from plaintiff. Under the terms of the receivership, the receiver is to use defendant's assets to first meet his child support obligations and to thereafter satisfy the outstanding money judgments entered in favor of plaintiff and against defendant. In July 1993, plaintiff moved by order to show cause seeking to modify the terms of the receivership by directing the receiver to sell defendant's real property and use the proceeds from such sales to satisfy a particular money judgment entered in favor of plaintiff and her current spouse. By order dated September 6, 1993, Supreme Court directed the receiver to file an accounting and reserved decision on plaintiff's application pending receipt of such accounting and a hearing. Although not entirely clear from the limited record before us, it appears that plaintiff thereafter applied to

Supreme Court seeking similar relief. Supreme Court apparently heard oral argument on plaintiff's application on or about April 4, 1994 and, by order entered May 4, 1994, denied plaintiff the relief requested in both the July 1993 and April 1994 applications. This appeal by plaintiff followed.

We affirm. It appears that in support of her respective applications to modify the terms of the receivership, plaintiff submitted only her attorney's affidavit and a two-page affidavit from a real estate appraiser. Counsel's affidavit, which purports to set forth an analysis of, *inter alia,* defendant's child support obligation through 2005, the tax obligations on and the fair market value of the various parcels of land at issue, and the moneys due plaintiff under a certain money judgment, is conclusory, self-serving and, most importantly, completely bereft of *any* supporting documentation. The appraiser's affidavit, which does little more than offer an estimate as to the total fair market value of the subject parcels, is similarly deficient. Accordingly, we cannot conclude that Supreme Court erred in denying plaintiff the requested relief.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the order is affirmed, without costs.