■ PIRAEUS JEWELRY, INC., Respondent, v INTERESTED UNDERWRITERS AT LLOYD'S, Appellant. [667 NYS2d 721] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered November 14, 1996, which denied defendant's motion for summary judgment, unanimously affirmed, with costs.

Defendant insurer's motion for summary judgment was properly denied since it failed to demonstrate that plaintiff breached the warranty provision of the insurance contract as a matter of law. The warranty provision required, as a condition

precedent to liability for theft, that all showcases and safes containing stock "be locked and keys removed therefrom, other than during the process of items being removed by a responsible authorized person." Plaintiff jewelry store filed two separate claims with defendant for alleged robberies of its inventory on September 23, 1994 and December 26, 1994. Based on the deposition testimony of plaintiff's principal, Giladi, that he kept the two safes in his store unlocked during the day, defendant disclaimed coverage. Subsequently, Giladi submitted an affidavit stating that he had misunderstood the question asked at the deposition, and that the safes were generally locked with a key, although the combination lock was not reset. Giladi further stated that at the time of each theft, he or his employees were removing or replacing goods from one of the safes.

The IAS Court properly determined that triable issues of fact existed as to whether plaintiff's professed practice of locking the safes only with a key complied with the warranty, whether goods were in the process of being removed or replaced during the robberies and whether it was reasonable for both safes to be open during such time (*cf., Fabrikant & Sons v Overton & Co. Customs Brokers*, 209 AD2d 206, 207). Since credibility issues are properly left for trial of the action, Giladi's affidavit was sufficient to create triable issues despite defendant's assertion that it is inconsistent with his prior deposition testimony (*see, Butler v Helmsley-Spear, Inc.*, 198 AD2d 131, 132).

Although it would not alter the result, we agree with defendant that the court should have considered the evidence offered in its reply papers. Defendant's submissions offered no new arguments, but were relevant to refute the claims raised in Giladi's affidavit (*cf., Ritt v Lenox Hill Hosp.*, 182 AD2d 560, 562). Concur—Ellerin, J. P., Wallach, Mazzarelli, Andrias and Colabella, JJ.