■ GARY JOSEPHSON, Appellant, v CRANE CLUB, INC., et al., Respondents. [694 NYS2d 376] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered May 18, 1998, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.

The complaint alleges that, on October 31, 1991, plaintiff sustained severe injuries when he fell on the dance floor of premises known as The Crane Club, located at 201 West 79th Street, New York, New York. Plaintiff's bill of particulars states that he fell on a wet, slippery and poorly illuminated dance floor, "with broken glass upon the said dance floor." At a deposition conducted on October 23, 1995, Dr. Jordan Josephson, plaintiff's brother, testified that he did not see plaintiff fall.

However, immediately afterward, Dr. Josephson noticed the condition of the floor. He then informed a "busboy" or "bouncer" that there was glass on the floor, whereupon, the person is alleged to have replied, "Oh, I know, we cleaned up some stuff before, I guess we missed some."

Subsequently, depositions were taken from two employees, both of whom denied dropping any glass or liquid on the dance floor or seeing anyone else do so. One of the witnesses stated that, on the night of the incident, other employees on duty would have included two busboys, a cashier, several bartenders, a coat check girl, a doorman and a D.J.

Defendants moved to dismiss the complaint on the ground that plaintiff had failed to adduce any evidence in admissible form tending to show that defendants had actual or constructive notice of the slippery substance and glass on the dance floor or that they had created the hazardous condition (*see, Rabat v GNAC Corp.*, 180 AD2d 540). In opposition, plaintiff argued that discovery had not been completed and that examination of other employees would be likely to result in admissible evidence regarding defendants' actual or constructive notice of the condition. Supreme Court agreed with defendants that "the motion cannot be defeated solely on the basis of inadmissible evidence."

The deposition testimony of plaintiff, submitted in opposition to the motion, "constitutes evidence in admissible form by someone with personal knowledge of the facts (*Zuckerman v City of New York*, 49 NY2d 557, 563). Whether self-serving or not, it is sufficient to raise a triable issue" (*Butler v Helmsley-Spear, Inc.*, 198 AD2d 131, 132; *see also, Piraeus Jewelry v Interested Underwriters at Lloyd's*, 246 AD2d 386, 387). Moreover, the testimony of plaintiff's brother, although inadmissible at trial, " 'may nevertheless be considered in determining whether a triable issue exists to defeat the motion' " (*Phillips v Kantor & Co.*, 31 NY2d 307, 312 [Dead Man's Statute]). The substance of the testimony given by defendant's employees is not a denial that a hazardous substance was present on the dance floor but that they simply have no recollection concerning events on the night of the accident. Thus, it would appear that plaintiff has raised an issue concerning the credibility of defendant's witnesses that should be determined by the trier of fact. In addition the record suggests that, upon the motion, "facts essential to justify opposition may exist but cannot then be stated", warranting its denial in order to permit further discovery to be conducted (CPLR 3212 [f]; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506). Concur—Ellerin, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.