■ FRANCES ALVAREZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [744 NYS2d 25] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered on or about December 19, 2000, which granted defendant's motion for summary judgment and dismissed the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

The complaint alleges that, at approximately 1:00 P.M. on the afternoon of September 23, 1992, plaintiff slipped and fell in the 19th-floor hallway of a building owned and operated by defendant New York City Housing Authority. Plaintiff's bill of particulars states that due to negligence in mopping the floor and the failure to post warning signs, plaintiff was "exposed to a wet, slippery, hazardous condition," sustaining a fracture of the right ankle as the result of her fall.

At a General Municipal Law § 50-h hearing held on April 22, 1993, plaintiff testified that she had gone to the 19th floor to visit a friend and, finding that she was not home, started to walk to the elevator. Prior to falling, plaintiff had not noticed anything unusual about the floor, such as wetness. However, after falling, she observed that her sneakers were wet and the

floor had a wet appearance; however, it had no color or odor. Eventually, plaintiff saw a building superintendent come around a corner with a mop and bucket, at which time residents also came out of their apartments. The housing police arrived and looked at plaintiff's leg, and "the manager" appeared at the scene. Ultimately, plaintiff was transported to the hospital by ambulance.

At her examination before trial, conducted in October 1995, plaintiff elaborated on this account, testifying to a conversation between the superintendent and the manager, the superintendent's supervisor. The substance of that exchange was that one half of the six-foot-wide hallway had been mopped but the other side had not.

In her affidavit in opposition to the motion, plaintiff added further embellishments; that her clothes were wet immediately after the fall, that the liquid had a "soapy consistency," and that the superintendent emerged from a nearby apartment only after the voice of his supervisor was audible, having "purposefully ignored my screams for several minutes." The affidavit speculates that the employee was taking "an unauthorized break, visiting a friend in an apartment down the hall."

Supreme Court granted defendant's motion to dismiss the complaint. The court noted that plaintiff is the only witness to the accident and concluded that there was no credible evidence to permit a jury to resolve the question of defendant's notice of the hazardous condition except by speculation.

The contradictions that have emerged as the result of plaintiff's elaboration on her testimony at the section 50-h hearing only serve to undermine the plausibility of her account. Nevertheless, it was improper to resolve the issue of plaintiff's credibility on the motion for summary judgment. Any inconsistencies in the several accounts of the incident go to the weight of the evidence, not its competence, and the value to be accorded to the evidence is a matter for resolution by the trier of fact (*Dollas v W.R. Grace & Co.*, 225 AD2d 319, 321).

A court may only disregard an issue of fact when dismissal of the complaint is predicated on the plaintiff's admission, which is subsequently contradicted by a self-serving affidavit in opposition to the motion (*Joe v Orbit Indus.*, 269 AD2d 121, 122; *Kistoo v City of New York*, 195 AD2d 403, 404; *Prunty v Keltie's Bum Steer*, 163 AD2d 595, 596). In addition, judgment may be summarily granted where compelling documentary evidence clearly demonstrates that factual issues raised in opposition to the motion "are not genuine, but feigned" (*Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441, citing *Curry v*

*Mackenzie*, 239 NY 267, 269-270). However self-serving it might appear, plaintiff's section 50-h hearing testimony constitutes competent evidence, sufficiently probative to raise a question of fact regarding whether defendant's employee had notice of a hazardous condition on the premises (*see, Harris v City of New York*, 147 AD2d 186, 189 [parent's statement]; *Butler v Helmsley-Spear, Inc.*, 198 AD2d 131 [plaintiff's self-serving statement]). Concur—Buckley, J.P., Rosenberger, Lerner, Rubin and Marlow, JJ.