■ THOMAS SIGNORELLI, Appellant, v THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al., Respondents. [894 NYS2d 409]—

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about April 1, 2009, which, in an action for personal injuries sustained in a slip and fall on a wet floor in the vestibule of defendants' supermarket, granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.

As plaintiff entered defendants' supermarket, he slipped and fell in the vestibule, which was covered in linoleum tiles that were wet because "[i]t was raining all day and coming in." He observed no mats or signs warning of a slippery condition.

At his examination before trial, defendants' grocery clerk testified that, when it rained, "somebody would go and get some mats and put them in the front," but he did not remember whether he had ever seen "the porter place down mats in the vestibule area when it was raining." Nor did he recall what the weather was like on the day of the accident or whether he had seen "any mats down in the vestibule area that day."

On their motion, defendants denied actual or constructive knowledge of the alleged hazardous condition, contending that they had no duty to provide an ongoing remedy when a slippery condition is caused by moisture tracked into the premises during a constant rain. Supreme Court agreed, reasoning that plaintiff "failed to submit evidence sufficient to raise an issue of fact as to constructive notice that there was a recurrent dangerous condition with respect to rainy weather conditions." We disagree.

Plaintiff's statement that the floor was wet and slippery due to a constant rain is evidence sufficient to raise a factual question as to whether defendant knew or should have known of the

existence of a hazardous condition. His testimony constitutes evidence from someone with personal knowledge of the facts and, whether or not it is regarded as self-serving, it is sufficient to present an issue for trial (*see Butler v Helmsley-Spear, Inc.*, 198 AD2d 131, 132 [1993]). Plaintiff identified the wet and slippery floor as the reason for his fall; thus, his testimony cannot be dismissed as mere speculation regarding causation (*cf. Keum Choi v Olympia & York Water St. Co.*, 278 AD2d 106, 106-107 [2000] ["plaintiff inferred his fall was caused by water on the floor"]; *Pagan v Local 23-25 Intl. Ladies Garment Workers Union*, 234 AD2d 37, 37 [1996] [plaintiff "could not remember whether or not the floor had been wet"]). In addition, defendants' employee testified that it was the store's practice to put down mats during inclement weather. Together, the testimony satisfies plaintiff's burden to demonstrate that a visible and apparent hazardous condition had existed for a sufficient length of time to permit defendants' employees to discover and remedy it (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]) but that they failed to take reasonable measures to do so.

In any event, defendants' moving papers failed to make out a prima facie case for summary judgment. The testimony of defendants' employee does not establish that defendants lacked actual or constructive knowledge of the condition of their vestibule, only that the employee had no recollection of conditions or remedial measures that might have been implemented on the date of the accident (*see Josephson v Crane Club*, 264 AD2d 359, 360 [1999]). Concur—Tom, J.P., Saxe, Renwick, DeGrasse and Richter, JJ.