■ In the Matter of KELLY BRENNAN, Appellant, v RAYMOND KELLY, as the Police Commissioner of the City of New York and as Chairman of the Board of Trustees of the Police Pension Fund, Article II, et al., Respondents. [974 NYS2d 374]—

Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered July 3, 2012, denying the petition to annul respondents' determination, dated August 10, 2011, which denied petitioner's application for World Trade Center accidental disability retirement benefits, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondents' determination that petitioner was not present at the World Trade Center (WTC) site during the requisite time period is supported by credible evidence (*see* Retirement and Social Security Law § 2 [36] [a], [e], [f], [g]; *Matter of Meyer v Board of Trustees of N.Y. City Fire Dept., Art. 1-B Pension Fund*, 90 NY2d 139, 145, 147 [1997]). Respondents' investigation revealed no contemporaneous records, roll call or command logs, records of the Medical Division, or exposure logs, indicating that petitioner was present at the WTC site. All respondents' records indicate that petitioner was in Brooklyn during the relevant period. Respondents were entitled to reject petitioner's self-serving affidavit and the affidavits by two fellow officers, which were unsupported by contemporaneous memo book entries or other documentation (*see Matter of Velez v Kelly*, 84 AD3d 693 [1st Dept 2011]).

Contrary to petitioner's contention, the court did not improperly shift the burden of proof to her. Petitioner was not entitled to the statutory WTC presumption that her condition or impairment of health was incurred in the performance and discharge of duty, because, by failing to demonstrate that she was present at the WTC site, she failed to demonstrate a qualifying World Trade Center condition as defined by Retirement and Social Security Law § 2 (36) (*see* Administrative Code of City of NY § 13-252.1 [1] [a]; *Matter of Bitchatchi v Board of Trustees of the N.Y. City Police Dept. Pension Fund, Art. II*, 20 NY3d 268, 275 [2012] ["an officer's disability or death *as a result of a qualifying condition* is presumed to be caused by his or her exposure at the WTC site for purposes of benefit upgrades" (emphasis added)]). Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Gische, JJ. **[Prior Case History: 2012 NY Slip Op 31709(U).]**