■ JOAN K. MORANTE et al., Appellants, v CITYWIDE MOBILE RESPONSE CORP., Respondent, et al., Defendants. [30 NYS3d 617]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered August 5, 2014, dismissing the complaint as against defendant Citywide Mobile Response Corp. pursuant to an order, same court and Justice, entered July 10, 2014, which granted said defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Joan K. Morante (plaintiff) alleges that, after accompanying her father on a trip in defendant's ambulette, she fell on the steps as she was exiting the ambulette, resulting in the exacerbation of a previously unknown hip condition. Defendant made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating through expert and documentary evidence that the ambulette was not defective, and that it owed plaintiff no duty to escort her down the ambulette stairs when she took it upon herself to leave, without requesting assistance from the driver (see Saidoff v New York City Tr. Auth., 105 AD3d 726, 727 [2d Dept 2013]).

In opposition, plaintiffs failed to raise a triable issue of fact. Although plaintiff claims that she was injured in a different

ambulette, her testimony was clearly contradicted by defendant's "compelling documentary evidence" showing that the ambulette assigned to transport her father was the ambulette involved in plaintiff's accident (*Alvarez v New York City Hous. Auth.*, 295 AD2d 225, 226 [1st Dept 2002]; *see also Glick & Dolleck v Tri-Pac Export Corp.*, 22 NY2d 439, 441 [1968]). Moreover, her claim that the other steps were slippery is insufficient to raise an issue of fact, since she testified that she did not know whether her foot had slipped. In addition, her testimony that her foot did not have enough "stepping space" is insufficient to raise an issue of fact as to whether the ambulette was defective (*see Pena v Women's Outreach Network, Inc.*, 35 AD3d 104, 108 [1st Dept 2006]). Concur—Friedman, J.P., Andrias, Moskowitz, Kapnick and Webber, JJ.