Determination of respondent New York City Department of Housing Preservation & Development, dated June 8, 2015, which issued a certificate of eviction upon a finding that the Mitchell-Lama apartment leased to petitioner was not her primary residence, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Manuel J. Mendez, J.], entered on or about March 2, 2016), dismissed, without costs.
 

 The determination that petitioner failed to maintain the apartment as her primary residence, as required by the rules applicable to Mitchell-Lama apartments (see 28 RCNY 3-02 [n] [4]), is supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180-182 [1978]). Such evidence includes petitioner’s filing of documents with public agencies, including the Maryland Department of Motor Vehicles and the New York County Board of Elections, listing a different address, petitioner’s possession of a Maryland driver’s license and vehicle registration, and petitioner’s admission that, for an unspecified period of time, she was a dual resident of New York and Maryland. In addition, the Hearing Officer found that petitioner’s claim of primary residence was not credible (see Matter of Cyril v New York City Dept. of Hous. Preserv. & Dev., 140 AD3d 632 [1st Dept 2016], lv denied 28 NY3d 913 [2017]; Matter of Arroyo v Donovan, 70 AD3d 517 [1st Dept 2010]; Matter of Studley v New York City Dept. of Hous. Preserv. & Dev., 277 AD2d 101 [1st Dept 2000]).
 

 Petitioner’s request that, in the alternative, this Court grant her son, a nonparty to both the administrative proceeding and the instant proceeding, the right to claim succession rights, is not properly before this Court (see Matter of King v New York City Hous. Auth., 118 AD3d 636 [1st Dept 2014]). In any event, “[flamily members do not have the right to succeed the tenant/ cooperator in occupancy if the housing company terminates the tenancy of a tenant/cooperator for cause” (28 RCNY 3-02 [p] [4]).
 

 Concur — Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.