Megan v New York Stock Exch. Inc. (2018 NY Slip Op 00237)





Megan v New York Stock Exch. Inc.


2018 NY Slip Op 00237


Decided on January 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 11, 2018

Renwick, J.P., Richter, Manzanet-Daniels, Kahn, Kern, JJ.


5439 159395/13

[*1]Thomas Megan, et al., Plaintiffs-Appellants-Respondents, 
v
New York Stock Exchange Inc., Defendant, Schindler Elevator Corporation, Defendant-Respondent-Appellant.


Ronemus & Vilensky, New York (Michael B. Ronemus of counsel), for appellants-respondents.
Sonageri & Fallon, LLC, Garden City (James L. Sonageri of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered January 30, 2017, which denied plaintiffs' motion for partial summary judgment on the issue of liability as against defendant Schindler Elevator Corporation (Schindler), and denied Schindler's cross motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff Thomas Megan was injured when he suffered an electrical shock as he attempted to lock an ash lift's control box. He established his prima facie entitlement to partial summary judgment on the issue of liability in this action by submitting evidence that defendant Schindler's elevator technician had replaced the twist lock receptacle in the control box just prior to the accident and had failed to properly ground the control box when he made the repair(see e.g. Schneider v Kings Hwy. Hosp. Ctr. , 67 NY2d 743, 744 [1986]).
In opposition, Schindler raised a triable issue of fact based on the deposition testimony of the elevator technician that he never performed any work on the control box at any time (see Josephson v Crane Club , 264 AD2d 359 [1st Dept 1999]; see also Butler v Helmsley-Spear, Inc. , 198 AD2d 131, 132 [1st Dept 1993]) and the opinion offered by Schindler's expert that the cause of the accident was attributable to a third party's original configuration of the control box.
In view of the foregoing triable issues, Schindler's cross motion for summary judgment dismissing the complaint was also properly denied.
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 11, 2018
CLERK