Gonzalez v Franklin Plaza Apts., Inc. (2019 NY Slip Op 03462)





Gonzalez v Franklin Plaza Apts., Inc.


2019 NY Slip Op 03462


Decided on May 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2019

Sweeny, J.P., Gische, Webber, Kahn, Moulton, JJ.


9166 161880/14

[*1]Hercilia Gonzalez, Plaintiff-Respondent,
v
Franklin Plaza Apartments, Inc., Defendant-Appellant.


Mischel & Horn, P.C., New York (Christen Giannaros of counsel), for appellant.
White Werbel & Fino, LLP, New York (Matthew I. Toker of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered September 24, 2018, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to satisfy its prima facie entitlement to judgment as a matter of law in this action where plaintiff was injured when she slipped and fell on an accumulation of snow and ice on a sidewalk abutting defendant's building. Notably, defendant failed to proffer an affidavit or testimony based on personal knowledge of when its employees last inspected the sidewalk prior to plaintiff's accident (see Simpson v City of New York, 126 AD3d 640, 640-641 [1st Dept 2015]; Lebron v Napa Realty Corp., 65 AD3d 436, 437 [1st Dept 2009]).
Even if we were to find that defendant met its initial burden, plaintiff raised a triable issue of fact based on her testimony that at the time of her fall, the sidewalk was covered with snow. Plaintiff's subsequent affidavit did not flatly contradict her prior deposition testimony, and thus was sufficient to raise an issue of fact (see Red Zone LLC v Cadwalader, Wichersham & Taft LLP, 27 NY3d 1048, 1049 [2016]; Santiago v Pioneer Transp. Corp., 157 AD3d 451 [1st Dept 2018]). Furthermore, to the extent that plaintiff's affidavit was inconsistent with her deposition testimony, this raises credibility issues that are properly left for trial (see Piraeus Jewelry v Interested Underwriters at Lloyd's, 246 AD2d 386, 387 [1st Dept 1998]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 2, 2019
CLERK