Matter of NYRCA Affiliates, LLC v James (2023 NY Slip Op 05544)

Matter of NYRCA Affiliates, LLC v James

2023 NY Slip Op 05544

Decided on November 02, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 02, 2023

Before: Oing, J.P., Moulton, González, Shulman, Rosado, JJ. 

Index No. 151505/22 Appeal No. 959 Case No. 2023-01977 

[*1]In the Matter of NYRCA Affiliates, LLC, et al., Petitioners-Respondents,
v
Letitia James, in Her Official Capacity as Attorney General of the State of New York et al., Respondents, The City of New York, Respondent-Appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Lauren O'Brien of counsel), for appellant.
Goetz Fitzpatrick LLP, New York (Scott D. Simon of counsel), for respondents.

Order and judgment (one paper), Supreme Court, New York County (Shlomo S. Hagler, J.), entered on or about April 3, 2023, which, to the extent appealed from as limited by the briefs, granted in part the petition in this hybrid proceeding, brought pursuant to CPLR articles 30 and 78, and declared that respondent City's joint bidding contract provisions setting fixed prices for utility interference work violated General Municipal Law § 103, unanimously reversed, on the law, without costs, the petition denied, and the proceeding dismissed.
Initially, we note that General Municipal Law § 103(1), which governs bidding for public work contracts "[e]xcept as otherwise provided by an act of the legislature," does not apply here. Under a law passed in 2014 (Joint Bidding Statute):
"Notwithstanding any general, special or local law or rule or regulation to the contrary, the city of New York may include utility interference work in any contract for a public work project ... If the city of New York undertakes a New York city utility interference work project, the city shall award the contract to the lowest responsible bidder. . ." (L. 2014 ch 332, § 3[a]; see Kuzmich v 50 Murray St. Acquisition LLC, 34 NY3d 84, 92 [2019]). The question, then, is whether the City's joint bidding provisions complained of here (JB 4.0), issued November 9, 2021 and revised February 11, 2022, comply with the Joint Bidding Statute.
We find that it does. No limitation on the City's ability to set utility work prices is evident from the general language chosen by the legislature authorizing the City to jointly bid contracts that include utility work (see Matter of New York County Lawyers' Assn. v Bloomberg, 19 NY3d 712, 722 [2012]). Additionally, the fixed price scheme, which is applicable to all bidders, ensures that the City will "award the contract to the lowest responsible bidder" even when considering only the public work portion, since it eliminates variations in the utility work portion of bids (L 2014 ch 322 § 3[a]).
Petitioners proffered self-serving affidavits from their corporate officers claiming, with no documentary support, that they inflated the public work portions of their bids to make up for what they allege are unreasonably low fixed utility prices (see e.g. Matter of Brennan v Kelly, 111 AD3d 407, 408 [1st Dept 2013]). Even crediting those affiants, the evidence demonstrates that the lowest bids on each of the four projects at issue were well below the City's estimated total cost, two of the petitioners submitted the lowest bid on a contract, and there is no dispute that the lowest bidders were awarded contracts.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 2, 2023