Matter of Kralik v New York City Dept. of Hous. Preserv. & Dev. (2024 NY Slip Op 00135)

Matter of Kralik v New York City Dept. of Hous. Preserv. & Dev.

2024 NY Slip Op 00135

Decided on January 11, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 11, 2024

Before: Kern, J.P., Oing, Singh, Kapnick, O'Neill Levy, JJ.

Index No. 154431/22 Appeal No. 1394 Case No. 2023-01324 

[*1]In the Matter of George Kralik etc., Petitioner-Appellant,
v
New York City Department of Housing Preservation & Development et al., Respondents-Respondents.

Vernon & Ginsburg, LLP, New York (Yoram Silagy of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Hanna J. Sarokin of counsel), for New York City Department of Housing Preservation and Development, respondent.
Kellner Herlihy Getty & Friedman, LLP, New York (Derrick M. Ng of counsel), for Tri-Faith Housing Company, Inc., respondent.

Judgment (denominated an order), Supreme Court, New York County (Laurence L. Love, J.), entered October 19, 2022, denying the petition to annul the determination of respondent New York City Department of Housing Preservation & Development (HPD), dated March 16, 2022, which denied petitioner George Kralik (Kralik) successor rights to his mother's Mitchell-Lama apartment (apartment 7G) in respondent Tri-Faith Housing Company, Inc.'s building, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
HPD determinations regarding succession rights must be upheld if they are rational (Matter of Halcomb v New York City Dept. of Hous. Preserv. & Dev., 187
AD3d 673, 673 [1st Dept 2020]; Matter of Broussard v New York City Dept of Hous. Preserv. & Dev., 170 AD3d 563, 563 [1st Dept 2019]). Kralik had the burden to demonstrate that he lived in his mother's apartment as his primary residence from February 20, 2008 to February 20, 2009—the year before his mother passed (28 RCNY 3-02[n][4][iv], 3-02[p][3], 3-02[p][6]; Matter of Pietropolo v New York City Dept. of Hous. Preserv. & Dev., 39 AD3d 406, 406 [1st Dept 2007]). Income affidavits alone are insufficient to establish primary residency, and Kralik's own evidence either called his credibility into question or failed to prove his residence (Broussard, 170 AD3d at 563). Specifically, the tax returns for 2007 through 2009 indicated that apartment 7G was the residence of Kralik and his wife, even though his wife's November 24, 2020 sworn affidavit stated that she never resided there; the driver's license and voter registration pre-dated Kralik's 2005 move into apartment 7G; the documents relating to car insurance and parking tax exemption were not only in the names of Kralik and his spouse, but, based on prior litigation between the parties, Kralik kept his car in the garage owned by the housing company; and Kralik's submitted bank statement showed modest use of the checking account with no monthly deposits.
Aside from the above documents, Kralik's statement in his May 24, 2016 affidavit submitted to Supreme Court, New York in a separate litigation, that he maintained a different primary residence, provided an additional basis for denial (see Matter of Lewis v Dayton Beach Park #1 Corp., 153 AD3d 1176, 1176-1177 [1st Dept 2017]). The Hearing Officer rationally rejected Kralik's attempt to disavow that sworn statement with a new affidavit dated November 23, 2020 in which he argued that his 2016 statement was meant to convey only that he worked in the 79th Street building, and not lived there, as not credible and self-serving (see Matter of Brennan v Kelly, 111 AD3d 407, 408 [1st Dept 2013]). HPD is statutorily required to enforce the Mitchell-Lama Law, "regardless of any actions or acquiescence by" the private housing company (Matter of Schorr v New York City Dept. of Hous. Preserv. & Dev., 10 NY3d 776, 778 [2008]).THIS CONSTITUTES THE DECISION AND ORDER
OF [*2]THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2024