Lindsay Partners LLC v Young (2024 NY Slip Op 51289(U))

[*1]

Lindsay Partners LLC v Young

2024 NY Slip Op 51289(U)

Decided on September 17, 2024

Civil Court Of The City Of New York, Kings County

Basu, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 17, 2024
Civil Court of the City of New York, Kings County

Lindsay Partners LLC, Petitioner,

against
Gerard Young et al., Respondent(s).

Index No. LT-331962-23/KI

Daniels Norelli Cecere & Tavel, PC
272 Duffy Avenue 
Hicksville, New York 11801
(718) 459-6000
Attorneys for Petitioner
Riseboro Community Partnership
7 De Sales Place
Brooklyn, NY 11207
(718) 366-3800
Attorneys for Respondent

Shantonu J. Basu, J.

As required by CPLR § 2219(a), the following is a recitation of the papers considered in the review of motion sequence 1.
[*2]PAPERS NUMBERED
Notice of Motion, Affirmation & Exhibits 1, NYSCEF # 9-14
Affirmation in Opposition 2, NYSCEF # 18
Affirmation in Reply 3, NYSCEF # 19
The instant motion turns on whether Respondent should be allowed to amend a pro se answer and assert a personal jurisdiction defense. Petitioner does not object to the amended answer as such, but rather focuses its opposition on the issue of whether Respondent preserved a traverse defense.
For the reasons stated below, the court finds that Respondent should be allowed to amend the pro se answer but finds that the defense based on personal jurisdiction has not been properly raised.
PROCEDURAL AND FACTUAL BACKGROUND
This is a summary nonpayment proceeding concerning a rent-stabilized apartment. Respondent answered pro se and thereafter retained an attorney. Shortly after filing a notice of appearance, Respondent's attorney moved to amend the pro se answer.
The proposed amended answer contains an objection to personal service. Petitioner has filed opposition to the motion. Respondent has filed a reply. This decision now follows.

 LEGAL ANALYSIS
Motions to amend pleadings are freely granted unless "the proposed amendment (1) would unfairly prejudice or surprise the opposing party, or (2) is palpably insufficient or patently devoid of merit" (Edwards v 1234 Pac. Mgt., LLC, 139 AD3d 658, 659 [2nd Dept 2016]). Barring prejudice directly resulting from extreme delay, or patent insufficiency of the amendments, courts should grant leave to amend an answer (Otis Elevator Co. v 1166 Ave. of the Americas Condominium, 166 AD2d 307 [1st Dept 1990]; 1068 Winthrop St. LLC v Zimmerman, 65 Misc 3d 1107, 1111 [Civ Ct, Kings County 2019]).
Viewing the matter in light of this precedent, it is clear that Respondent must be granted leave to file an amended answer since Petitioner does not articulate any undue prejudice except as to the personal jurisdiction defense.
The court now turns to whether Respondent waived an objection to personal jurisdiction by filing an attorney notice of appearance and, if the defense was not waived, whether Respondent's papers now have enough detail to properly raise the defense.
a. Did Respondent waive personal jurisdictional defenses either by appearance or by Respondent's attorney's entering a notice of appearance without objecting to personal jurisdiction?
Respondent's pro se answer does not raise jurisdictional defenses. The general rule is that unless a personal jurisdiction defense is included in the initial answer, that defense is waived and cannot be asserted in an amended answer (Deutsche Bank Tr. Co. Americas v Cox, 110 AD3d 760, 762 [2d Dept 2013]).
However, the realities of housing court preclude such a terse analysis. The forms given to pro se litigants who come to court to answer petitions have minimal explanation (see 1163 Washington LLC v Cruz, 75 Misc 3d 1237[A], 2022 NY Slip Op 50751[U] [Civ Ct, Bronx County 2022] [explaining the challenges faced by pro se litigants when they file answers in housing court]). Taking these realities into consideration, the court finds that the initial pro se appearance and answer did not waive personal jurisdictional defenses.
After Respondent filed his pro se answer, Respondent's counsel filed a notice of appearance. The notice of appearance did not preserve jurisdictional defenses. Nevertheless, courts have indicated that filing a notice of appearance may not necessarily be fatal to the raising of an objection to personal jurisdiction.
A decision by the Honorable Ibrahim in Services for the Underserved, Inc. v Mohammed sheds light on this issue. In Mohammed the court noted that "[w]hen a party appears by a notice of appearance and does not object to the court's jurisdiction over them in an answer or motion, any such defense is waived. In other words, service or filing of a notice of appearance is the equivalent of consenting to the court's jurisdiction over the respondent" (Services for the Underserved, Inc. v Mohammed, 79 Misc 3d 1205[A], 2023 NY Slip Op 50536[U] at * 3 [Civ Ct, Bronx County 2023] [citations omitted]). That is the general rule, and it is supported by ample appellate authority (see eg. JP Morgan Chase Bank v Jacobowitz, 176 AD3d 1191, 1192 [2d Dept 2019]).
Despite this rule, the Mohammed court went on to question whether "the mere act of filing a notice of appearance waives personal jurisdiction in every instance where a motion or answer raising the defense is not concurrently filed" (Mohammed, at *3).
The Mohammed court reasoned that courts should not inflexibly impose the rule because that "[i]t is common practice in Housing Court for an attorney to file a notice of appearance (sometimes at the behest of the court) when appearing for the first time and the case gets adjourned, usually because the attorney has recently been retained. Under those circumstances, filing a notice of appearance, alone, may not act to waive personal jurisdiction" (Mohammed, at *3; see also Plaza Borinquen 88 Owner II LP v Montalvo, 82 Misc 3d 1223[A], 2024 NY Slip Op 50368[U] [Civ Ct, Bronx County 2024] [finding that the filing of a notice of appearance did not waive personal jurisdiction where an answer raising personal jurisdiction was filed a few weeks after filing the notice of appearance but finding that assertion of an unrelated counterclaim did result in a waiver])
Appellate cases also consider the length of time between the filing of the notice of the appearance and the assertion of a personal jurisdiction defense. When confronted by this issue in U.S. Bank N.A. v Pepe the Appellate Division noted that "the defendant did not [assert] lack of personal jurisdiction until almost three years after appearing in the [*3]action," and "[u]nder those circumstances, the defendant waived any claim that the court lacked personal jurisdiction over him in this action" (U.S. Bank N.A. v Pepe, 161 AD3d 811, 813 [2d Dept 2018]). This language suggests that an objection to personal jurisdiction is not necessarily waived by entering an appearance, but rather it is the notice of appearance coupled with delay that constitutes a waiver.
Other courts have likewise focused on how much time elapses between filing the notice of appearance and the assertion of a personal jurisdiction defense. For example, the court in Lavin v Weinberg found that the tenant waived personal jurisdiction in part because there was a two year delay between filing the notice of appearance and raising a personal jurisdiction defense (Lavin v Weinberg,79 Misc 3d 1211[A], 2023 NY Slip Op 50536[U] [Civ Ct, Queens County 2023]). This implies that the court might not have so ruled if the tenant had set forth the defense promptly after filing the notice of appearance.
In the instant case, Respondent's attorney filed the notice of appearance on May 24, 2024. Six days later, on May 30, 2024, Respondent filed the instant motion to amend the pro se answer and raise jurisdictional defenses. This is a far more abbreviated period than that in Pepe or in Weinberg.
New York City's Universal Access to Counsel ("UAC") also supports allowing personal jurisdiction defenses to be asserted. The UAC mandates that qualified tenants receive the benefit of counsel at the earliest possible date in an eviction proceeding (NYC Admin. Code § 26-1301[a][2] ["All income-eligible individuals receive access to full legal representation no later than their first scheduled appearance in a covered proceeding in housing court, or as soon thereafter as is practicable."]).
The UAC has changed the nature of housing court practice such that attorneys often file notices of appearances before having a chance to investigate their client's defenses. Thus, adhering too closely to the waiver rule would deprive low-income tenants the right to assert jurisdictional defense, which would be contrary to the spirit of the UAC.
With these facts in mind, and reading Mohammed, Lavin v Weinberg, Montalvo, and U.S. Bank N.A. v Pepe in harmony, this court finds that filing a notice of appearance will not necessarily waive personal jurisdictional defenses as long as an appropriate answer or motion is filed promptly after the filing of the notice of appearance, and each situation must be evaluated on a case-by-case basis.
b. Did Respondent provide enough detail in the answer or in the supporting affidavit to properly raise a personal jurisdiction defense?
A process server's affidavit of service is prima facie evidence of proper service. In order to overcome this presumption, the party challenging service must do more than provide bare denials of receipt of the notices and pleadings. Rather, the party challenging service must submit a sworn denial of service and the denial must contain specific facts. Only this will rebut the presumption of proper service established by the process server's [*4]affidavit (115 Essex St., LLC v Tenth Ward, LLC, 227 AD3d 640, 642 [2d Dept 2024]; Marmon Realty Group, LLC v Khalil, 72 Misc 3d 136 [App Term, 2d Dept 2021] [applying the same analysis to a challenge of service of a rent demand]).
Referring to service of the rent demand, Respondent's affidavit states "[o]n October 12, 2023 between 9:15 and 9:30 pm I was home and no one knocked on my door and on October 13, 2023. I never found any 14 Day Notice on near or under my door nor did I receive it in the mail."
Referring to service of the notice of petition and petition, Respondent's affidavit states "I was not home on November 24th, 2023 and upon returning home after 11:29 am on November 27th, 2023, I never found the Petition and Notice of Petition on, near, or under my door."
The proposed amended answer tracks these two allegations but admits to receiving "mail service of the documents."
In evaluating whether these statements are sufficiently detailed, this court is guided by a decision rendered by the Honorable Schiff in Joan Ford Revocable Living Tr. v Ford, 82 Misc 3d 1248(A), 2024 NY Slip Op 50568(U) (Civ Ct, Queens County 2024).
In Ford, the court found that "Respondent's conclusory denial of service and self-serving attestation of her presence at the premises on the days personal service was attempted, without other probative facts, are insufficient to overcome the presumption that personal service was attempted on three separate occasions as alleged in the affidavit of service" (Id. at * 4).
The affidavit and answer in the instant case is much like the one which Judge Schiff found to be insufficient in Joan Ford Revocable Living Tr. v Ford. This court similarly finds that Respondent in the case at bar has not provided sufficient detail to overcome the presumption of proper service since a review of Petitioner's affidavits of service reflect proper conspicuous placement service.
Before concluding, it is worth discussing what is meant by a "self-serving" affidavit. The Joan Ford Revocable Living Tr. decision mentions that the respondent's affidavit was self-serving, and in the case at bar Petitioner argues that Respondent's affidavit is self-serving.
The court's experience is that attorneys often use the term without full comprehension of what the term means. This is due in part to the judiciary's somewhat haphazard use of the phrase.
Some courts use the term to indicate that the affidavit is "conclusory," which is to say that the affidavit merely states a legal conclusion such as "I was not served properly" instead of detailing the facts that would support such a conclusion (see eg. Mitchell v 148th St. Jamaica Condominium, 221 AD3d 596, 599 [2d Dept 2023] [finding that the movant "failed to establish its prima facie entitlement to judgment as a matter of law because it submitted only a self-serving and conclusory affidavit from its president in support of its motion" and holding that summary judgment "was properly denied, regardless of the sufficiency of the plaintiff's opposition papers"]).
Other courts use the phrase "self-serving affidavit" to mean that the affidavit is an after-the-fact attempt to change prior statements or testimony. This use often arises in contexts where an affiant wants to change or supplement previous testimony given at a deposition or in a prior case (see eg. Tse Chin Cheung v G & M Hardware & Elec., Inc., 249 AD2d 28, 29 [1st Dept 1998] ["The affidavits submitted by plaintiff . . . were properly rejected by the court as self-serving statements directly contradicting their earlier deposition testimony that plaintiff received no remuneration for this work."]; see also Lupinsky v Windham Const. Corp., 293 AD2d 317, 318 [1st Dept 2002] ["Generally, a self-serving affidavit offered to contradict deposition testimony does not raise a bona fide question of fact and will be disregarded."]).
Finally, courts sometimes use the phrase to mean that an affidavit does not have any supporting documentation (see eg. Strecker v Sarafian, 221 AD2d 696, 697 [3d Dept 1995] [holding that the affidavit there was "conclusory, self-serving and, most importantly, completely bereft of any supporting documentation"]; see also Brennan v Kelly, 111 AD3d 407, 408 [1st Dept 2013] ["Respondents were entitled to reject petitioner's self-serving affidavit and the affidavits by two fellow officers, which were unsupported by contemporaneous memo book entries or other documentation."]).
In some situations a self-serving affidavit may be disregarded entirely, but these situations are rare because a self-serving affidavit is still competent evidence. The affidavit does not have to be given much weight, but it remains evidence.
For example in Butler v Helmsley-Spear Inc., the Appellate Division held that a self-serving affidavit was sufficient to avoid the drastic remedy of summary judgment (Butler v Helmsley-Spear Inc., 198 AD2d 131, 132 [1st Dept 1993]).
The Appellate Division ruled that the plaintiff's affidavit in a personal injury case "constitutes evidence in admissible form by someone with personal knowledge of the facts" and reasoned that "[w]hether self-serving or not, [the affidavit] is sufficient to raise a triable issue with respect to an injury, concededly transient in nature, and the pain and suffering attendant thereto. On a motion for summary judgment, the function of the court is one of issue finding, not issue determination and any conflict which might exist between the allegations of her affidavit and those contained in the bill of particulars merely presents an issue of credibility for resolution at trial" (Butler, 198 AD2d at 132; see also Alvarez v NYCHA, 295 AD2d 225, 227 [1st Dept 2002] ["However self-serving it might appear, plaintiff's section 50-h hearing testimony constitutes competent evidence, sufficiently probative to raise a question of fact regarding whether defendant's employee had notice of a hazardous condition on the premise.").
United States Circuit Court decisions have steered lower federal courts away from using the phrase "self-serving" because—in the view of the Federal Circuit Courts—the phrase is fundamentally meaningless.
Rarely do parties offer affidavits that serve their opponent's interest. Thus, nearly every affidavit will be self-serving to some degree (see Payne v Pauley, 337 F3d 767, 772 [7th Cir 2003] [observing that "most affidavits . . . are self-serving").
Instead, as the federal courts have recently explained, where fault is found the reason is not that the affidavit is self-serving but rather that it is conclusory (United States v Stein, 881 F3d 853, 857 [11th Cir 2018] ["nothing . . . prohibits an affidavit from being self-serving"]; Great Am. Ins. Co. v Employers Mut. Cas. Co., 18 F4th 486, 493 n. 7 [5th Cir 2021] [observing same]).
In the case at bar, the fault lies not in that Respondent's affidavit is self-serving, but rather in the fact that it is conclusory. Other than a bald statement that Respondent was home but did not hear anyone knocking, Respondent has simply denied receipt of the predicate notice and pleadings. Respondent's affidavit is bereft of meaningful detail that would cast doubt on the affidavit submitted by Petitioner's process server.
Respondent admits receipt by mail, and Respondent's statements in both the amended answer and affidavit compare unfavorably with cases where the tenant was able to state details sufficient to overcome the presumption of valid service engendered by a process server's affidavit (see e.g., supra, Montalvo, 82 Misc 3d 1223[A] at * 3 ["Respondent not only denies receipt of any copies, but explains why and how he knows he was home on the dates and at the times the process server claims to have made attempts at personal, in-hand delivery"]).
Thus the court finds that Respondent cannot raise a personal jurisdiction defense in the instant case.

 CONCLUSION
For the reasons stated above, Respondent is granted leave to file an amended answer. The proposed amended answer (NYSCEF # 11) is deemed served and filed. However, because the allegations stated in the amended answer must have merit, the objection to personal jurisdiction is disallowed.
The proceeding is adjourned to September 27, 2024 at 9:30 am for all purposes, including trial.
This constitutes the decision/order of this court.
Dated: September 17, 2024
Brooklyn, NY
Hon. Shantonu J. Basu
Housing Court Judge